UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

CYNTHIA SPOON, SOPHIA COOK-PHILLIPS, and ERIC MOLL,

    Plaintiffs,

v.

BAYOU BRIDGE PIPELINE LLC, et al.,

    Defendants.

Case No. 3:19-cv-00516-SDD-EWD

**PLAINTIFFS' OPPOSITION TO
DEFENDANT THERIOT'S MOTION TO STRIKE**

Plaintiffs oppose Defendant Sheriff Ronald Theriot's *Motion to Strike* (ECF No. 25) and ask the Court to deny Theriot's motion without prejudice on the following grounds.

First, Sheriff Theriot moves the Court to strike a complaint that has since been superseded by an amended complaint. (*See* Plaintiffs' First Amended Complaint, ECF No. 28.) The amendment of a complaint renders it "of no legal effect unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading." *King v. Dogan*, 31 F.3d 344 (5th Cir. 1994). Plaintiffs' amended pleading does not rely on an adoption or incorporation-by-reference of the earlier pleading. The Amended Complaint names as defendants seven additional deputies in Sheriff Theriot's employ. (ECF No. 28 at 23 ¶¶ 17–23.) All of these deputies, whose names were previously unknown and were named as "Deputy Sheriff Does 1–10" in the initial pleading, were identified as a result of the information that Defendants agreed to provide Plaintiffs following the parties' status conference (ECF No. 9). The factual allegations in the Complaint have now been amended to more specifically plead the claims against each

Deputy. Also, the pagination and paragraph numbering cited by Defendant Theriot no longer track the Amended Complaint. In light of these and other substantive changes in the Amended Complaint, Plaintiffs understand—following a phone call with counsel for Defendant Theriot—that Defendant Theriot intends to renew his motion to strike against the operative, Amended Complaint. Similarly, Defendant Bayou Bridge Pipeline, LLC, has filed today a Motion to Dismiss the Amended Complaint. (ECF No. 34.) Efficient use of judicial resources counsels in favor of proceedings that address only Plaintiffs' Amended Complaint

For these reasons, the Court should deny Defendant Theriot's *Motion to Strike* without prejudice, subject to Theriot's renewing his motion against the Amended Complaint within the delays provided by Fed. R. Civ. P. 12.

In the alternative, if the Court chooses to address the present motion's merits, Defendant Theriot's motion should be denied. Motions to strike are disfavored and should be granted only "when the challenged allegations 'can have no possible bearing upon the subject matter of the litigation.'" *Wilson v. Grimes*, No. 15-00680-JJB-RLB, 2017 WL 2375903, *4 (M.D. La. May 31, 2017) (quoting *Sadler v. Benson Motors Corp.*, No. 97-1083, 1997 WL 266735, *1 (E.D. La. May 15, 1997)). First, Defendant Theriot argues that photographs of Plaintiffs' arrests should be stricken because they are neither statements nor allegations. In support, he cites noncontrolling opinions from district courts in the Tenth Circuit. One of the cases cited by Defendant Theriot, *Nkemakolam v. St. John's Military School*, 876 F. Supp. 2d 1240, 1242 n.6 (D. Kan. 2012), struck photographs because "they were not expressly incorporated into the body of the complaint" and noted that "a photograph could have such declarative value, and could properly be admitted or denied as an allegation, such that its inclusion in a pleading would not be improper." Here, the photographs at issue were incorporated into the body of the pleading and

have declarative value as to Defendants' actions. Indeed, the use of images in a complaint has been approved in a recent opinion in this District. *See Imani v. City of Baton Rouge*, No. 17-cv-439-JWD-EWD, ECF No. 133 (M.D. La. Sep. 7, 2018) (striking some images of a third party but denying motion to strike all images in complaint "because defendants have failed to meet their heavy burden of demonstrating that the figures, exhibits, videos . . . have no possible relation to the controversy and are unfairly and/or significantly prejudicial.") District courts in other circuits have reached similar results. *See, e.g.*, *Holder v. Enbridge Energy*, *L.P.*, No. 1:10-cv-752, 2011 WL 3878876, *6 (W.D. Mich. Sept. 2, 2011) (denying motion to strike photograph of ruptured pipeline in complaint seeking redress for an oil spill).

Second, Defendant Theriot argues that paragraphs 18 to 20 of the Complaint—describing the path of the pipeline, its purpose, and the origin of public opposition to the pipeline—were immaterial. (ECF No. 25-1 at 2.) These allegations are not only necessary background facts but also material to the Plaintiffs' motivation in protesting the pipeline, an exercise of First Amendment rights that they allege to have caused their retaliatory arrests.

Third, Defendant Theriot seems to argue that Plaintiffs' allegations concerning his failure to train employees, ratification of employees' conduct, and conspiracy are insufficient. (*Id.* at 3-6.) Such arguments are not properly made in a motion to strike under Rule 12(f), which provides for the striking of "redundant, immaterial, impertinent, or scandalous matter" from a pleading. Challenges to the *sufficiency* of Plaintiffs' allegations should be raised in a motion to dismiss under Rule 12(b). Here, Defendant Theriot seeks only that "the designated materials should be stricken from the Complaint, and Plaintiffs should be directed to file an Amended Complaint without the objectionable material." (ECF No. 25-1 at 6.)

Plaintiffs therefore ask that the Court deny Defendant Theriot's *Motion to Strike* (ECF No. 25).

        Respectfully submitted,

        */s/ Eric A. Foley*
        James W. Craig, La. Bar No. 33687
        Emily M. Washington, La. Bar No. 34143
        Eric A. Foley, La. Bar No. 34199

        Roderick & Solange MacArthur Justice Center
        4400 S. Carrollton Ave.
        New Orleans, LA 70119
        (504) 620-2259 (p)
        (504) 208-3133 (f)

        jim.craig@macarthurjustice.org
        emily.washington@macarthurjustice.org
        eric.foley@macarthurjustice.org

        *Attorneys for Plaintiffs*