## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

CYNTHIA SPOON, ET AL.                                      CIVIL ACTION

VERSUS                                                    19-516-SDD-EWD

BAYOU BRIDGE PIPELINE, LLC, ET AL.

### RULING

This matter is before the Court on the *Amended Motion to Strike*[1] filed by Defendants, St. Martin Parish Sheriff Ronald Theriot, Deputy Sharay Arabie, Deputy Stacey Blanchard, Deputy Troy Dupuis, Deputy Gabe Gauthier, Deputy Waversun Guidry, Deputy Norris Huval, and Deputy Chris Martin ("Defendants or SMPSO Defendants").   Plaintiffs, Cynthia Spoon, Sophia Cook-Phillips, and Eric Moll ("Plaintiffs") filed an *Opposition*[2] to this motion.   For the following reasons, Defendants *Motion* shall be DENIED.[3]

I.   **BACKGROUND**

Plaintiffs allege that, on August 9, 2018, they were boating in a canoe and a kayak on the open waters of a bayou when they encountered a construction barge operated by representatives of Bayou Bridge Pipeline, LLC, ("BBP").[4] Plaintiffs further allege that BBP, accompanied by representatives of HUB Enterprises, Inc. ("HUB"), and Louisiana

---

[1] Rec. Doc. No. 36.
[2] Rec. Doc. No. 40
[3] Defendants filed a *Motion to Strike* (Rec. Doc. No. 25) certain portions of the original *Complaint*.  However, Plaintiffs filed an *Amended Complaint* (Rec. Doc. No. 28) which prompted Defendants to file an *Amended Motion to Strike*, now before the Court.  Considering the *Amended Complaint* and the *Amended Motion to Strike*, the Court denied Defendants' original *Motion to Strike* as moot.  (Rec. Doc. No. 49).
[4] Rec. Doc. No. 28, p. 2.

Document Number: 61612                                                        1

Department of Pubilc Safety  & Corrections Division of Probation and Parole ("P&P") Officers Adams, Barbera, Black, Matherne, Pennington, and Ward (hereinafter, "P&P Defendants"), in conjunction with St. Martin Parish Sheriff's Office Deputies Arabie, Blanchard, Dupuis, Gauthier, Guidry, Huval, and Martin, caused the SMPSO Defendants to arrest Plaintiffs as they were peacefully protesting the construction of the Bayou Bridge Pipeline, without probable cause and in retaliation for the exercise of their First Amendment rights.[5] Plaintiffs claim that the officers and deputies arrested Plaintiffs at the direction of the representatives of BBP and HUB.

Plaintiffs filed suit against the above-named Defendants, asserting federal violations of their First, Fourth, and Fourteenth Amendment rights under 42 U.S.C. § 1983, and asserting various Louisiana state law claims pursuant to the Louisiana Constitution and general state tort law.[6]

The SMPSO Defendants move to strike certain photographs and paragraphs of the *Amended Complaint* as immaterial under Rule 12(f) of the Federal Rules of Civil Procedure.  Specifically, Defendants challenge certain photographs incorporated into the body of the pleading, paragraphs regarding Native Americans, fracking, and coastal erosion, and various paragraphs regarding ratification, failure to train, and conspiracy. Defendants contend that photographs incorporated into the *Amended Complaint* fall outside the scope of Rule 8's requirement that the complaint must "set forth statements and allegations,"[7] and Rule 10 limits exhibits that may be attached to the complaint to "written material."[8]  Defendants contend that the photographs in this case "do not qualify

---

[5] *Id.*
[6] *Id.* at p. 22.
[7] FED. R. CIV. P. 8(a)(2).
[8] FED. R. CIV. P. 10(c).

Document Number: 61612                                                                              2

as 'statements' or as 'allegations,'" [9] nor do they constitute "written materials."

Plaintiffs oppose this motion, arguing that photographs incorporated into a complaint have been allowed in several other cases including within the Middle District in the recent holding in *Imani v. City of Baton Rouge*.[10] Thus, "neither Rule 8 nor 10 prohibit the incorporation of these photographs."[11] Plaintiffs further contend that the incorporated photographs "are not subject to being struck as 'immaterial' under Rule 12(f)."[12] Plaintiffs maintain Defendants rely on inapposite case law and have improperly attempted to strike allegations under Rule 12(f) that should be addressed via Rule 12(b)(6).

## II.    LAW AND ANALYSIS

### A.  Rule 12(f) Motion to Strike

Under Rule 12(f) of the Federal Rules of Civil Procedure, the court may strike "from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Striking a pleading is generally disfavored, and it is "a drastic remedy to be resorted to only when required for the purposes of justice [and] should be granted only when the pleading to be stricken has no possible relation to the controversy."[13] A court cannot decide a disputed issue of fact on a motion to strike.[14] Further, courts should not determine disputed and substantial questions of law when there is no showing of prejudicial harm to the moving party.[15]  "Under such circumstances, the court … should defer action on the motion and leave the sufficiency of the allegations for determination

---

[9] Rec. Doc. 25-1 p. 1.
[10] Rec. Doc. 40 p. 3-4; *see Imani v. City of Baton Rouge*, No. 17-cv-439-JWD-EWD, Rec. Doc. 133 (M.D. La. Sep. 7, 2018).
[11] Rec. Doc. 40 p. 6.
[12] *Id.*
[13] *Augustus v. Bd. of Pub. Instruction of Escambia Cty., Fla.*, 306 F.2d 862, 868 (5th Cir. 1962) (quotation omitted); *see also, United States v. Coney*, 689 F.3d 365, 379 (5th Cir. 2012).
[14] *Augustus*, 306 F.2d at 868.
[15] *Id.*

on the merits."[16]

"Although motions to strike are disfavored and infrequently granted, striking certain allegations can be appropriate when they have no possible relation to the controversy and may cause prejudice to one of the parties."[17]  Also, district courts enjoy considerable discretion in ruling on a motion to strike.[18]

Typically, it is clear on the face of the pleadings whether the challenged matter should be stricken under Rule 12(f). "Redundant" matter consists of allegations that constitute "a needless repetition of other averments in the pleadings."[19]  "Immaterial" matter is that which "has no essential or important relationship to the claim for relief or the defenses being pleaded," such as superfluous historical allegations, "or a statement of unnecessary particulars in connection with and descriptive of that which is material."[20]  "Impertinent" matter overlaps with "immaterial" matter and "consists of statements that do not pertain, and are not necessary, to the issues in question."[21]  Finally, "scandalous" matters improperly casts a derogatory light on someone, most typically on a party to the action, but "it is not enough that the matter offends the sensibilities of the objecting party" or the person who is the subject of the statements in the pleading, "if the challenged allegations describe acts or events that are relevant to the action."[22]  Any doubt about whether the challenged material is redundant, immaterial, impertinent, or scandalous should be resolved in favor of the non-moving party.[23]

---

[16] *Id.*
[17] *American S. Ins. Co. v. Buckley*, 748 F. Supp. 2d 610, 626–27 (E.D. Tex. 2010).
[18] *Id.* at 627 (citations omitted).
[19] 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1382 (3d ed. 2004).
[20] *Id.*
[21] *Id.*
[22] *Id.*
[23] *Id.*

## B. Photographs Incorporated into the *Amended Complaint*

Defendants argue that the photographs that appear throughout the *Amended Complaint* do not qualify as "statements" or as "allegations;" rather, they are more in the nature of evidence that may or may not be admissible at trial depending on proper authentication and relevance. Defendants cite *Perkins v. Silverstein*,[24] a case wherein the Seventh Circuit held that copies of newspaper articles, commentaries, and editorial cartoons "are not the type of documentary evidence or 'written instrument(s)' which Fed. R. Civ. P. 10(c) intended to be incorporated into, and made a part of, the complaint."[25] Defendants claim that this observation and limitation has been extended to photographs, whether incorporated into a complaint or annexed as exhibits.[26] Thus, the photographs should be stricken from the *Amended Complaint.*

Defendants address Plaintiffs' reliance on a footnote in *Nkemakolam v. St. John's Military School*, which left open the possibility that a photo or image could be included as part of a pleading, though that case excluded an x-ray of an injury at issue and a photo of the abuse suffered by one of the plaintiffs.[27] Defendants "suggest that the Court left open the possibility of a photo or image being included in a pleading to account for such matters as trademarks, copyrighted images, and other such photos or images where the image is the issue, and not simply evidence,"[28] but argue that the court in *Nkemakolam*

---

[24] 939 F.2d 463 (7th Cir. 1991).

[25] *Id.* at 467, fn 2.

[26] Defendants cite *Cabot v. Wal-Mart Stores, Inc.*, No. 11-0260, 2012 WL 1378529, p. 7 (D.N.M., Apr. 10, 2012) (the ordinary meaning of the terms "allegation" and "statement" does not contemplate objects such as photographs); *Nkemakolam v. St. John's Military School*, 876 F. Supp. 2d 1240, 1246-1247 (D. Kan. 2012) (x-ray and photo were immaterial as exhibits to a complaint); and *Rowan v. Sunflower Electric Power Corp.*, No. 15-9227, 2015 WL 8024320 (D. Kan. Dec. 4,2015) ("The purpose of the complaint is not to prove a plaintiff's case, but to state a clear, plausible claim for relief which places defendant on notice.").

[27] 876 F. Supp.2d 1240, 1247 n.6 (D. Kan. 2012),

[28] Rec Doc No. 36-1, pp. 2-3.

excluded the types of photos that the Plaintiffs here have incorporated into their pleading. As such, the Court should do the same here.

Defendants also challenge Plaintiffs' reliance on *Imani v. City of Baton Rouge*[29] because those parties disputed whether the photos in the complaint were duplicative of the allegations, and therefore redundant, or the photos depicted people not parties to the suit. Another section of this Court granted the motion to strike in part but denied in part, finding the defendants had not shown that the images and evidentiary material "have no possible relation to the controversy and are unfairly and/or significantly prejudicial." Distinctively, Defendants contend the present motion is not based on a claim that the photos are irrelevant or prejudicial; rather it is based on the language of Rule 8 that requires the complaint to set forth statements and allegations and Rule 10 that limits the written materials that may be attached to the complaint. Defendants argue the photos are immaterial because they are not within the scope of the Federal Rules governing the content of a complaint, an issue they claim is not addressed in *Imani*.

Plaintiffs argue that the photos of the events of August 9, 2018 are not immaterial to the claims in the *Amended Complaint*. First, Plaintiffs disagree with Defendants' characterization of the *Imani* case, noting that "the use of images in a complaint has been approved in a recent opinion in this District."[30]  Plaintiffs contend the Defendants concede

---

[29] No. 17-cv-439-JWD-EWD, ECF 133 (M.D. La. Sep. 7, 2018).
[30] Rec Doc. No. 40, p 3 (citing *Imani*, No. 17-cv-439-JWD-EWD, ECF No. 133 (M.D. La. Sep. 7, 2018) (striking some images of a third party but denying motion to strike all images in complaint "because defendants have failed to meet their heavy burden of demonstrating that the figures, exhibits, videos . . . have no possible relation to the controversy and are unfairly and/or significantly prejudicial"); *see also Veranda Assocs., L.P. v. Hooper*, 496 F. App'x 455, 458 (5th Cir. 2012) ("[W]e see no reason why inclusion of Hooper's unredacted address and a picture of one of his minor children in Veranda's pleadings . . . would necessitate the drastic remedial measure of striking those pleadings"); *Holder v. Enbridge Energy, L.P.,* No. 1:10-cv-752, 2011 WL 3878876, at *6 (W.D. Mich. Sept. 2, 2011) (denying motion to strike photograph of ruptured pipeline in complaint seeking redress for an oil spill)).

that *Imani* was based on the requirement that a Rule 12(f) movant show "that the images and evidentiary material 'have no possible relation to the controversy and are unfairly and/or significantly prejudicial;'"[31] yet, they attempt to distinguish *Imani* by arguing this motion is based on different complaints about this photos. In so doing, Defendants rely on the decisions in *Perkins v. Silberstein*, *Cabot v. Wal-Mart Stores, Inc.,* and *Nkemakolam*;[32] Plaintiffs aver this reliance is misplaced.

First, Plaintiffs contend *Cabot* is not binding on this Court, and it is wrongly decided because Rule 10(c) does not "limit" the written materials that may be attached to a complaint but simply states "[a] statement in a pleading may be adopted by reference elsewhere in the same pleading or in any other pleading or motion. A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes." The rule does not forbid other attachments. Thus, Plaintiffs argue, while *Cabot* limits attachments to "contracts, notes, and other 'writing[s] on which [a party's] action or defense is based,'"[33] affidavits can be attached and/or incorporated into the complaint in the Fifth Circuit.[34] Since Fifth Circuit precedent is binding on this Court, it cannot apply *Cabot.*

Next, Plaintiffs maintain that *Perkins* is a 1991 Seventh Circuit opinion that has not been interpreted by that court as requiring the restrictive interpretation of Rule 10(c) urged by the Defendants. For example, in two cases post-*Perkins*, the Seventh Circuit made

---

[31] Rec Doc. No. 36-1 at 3 (quoting *Imani*, ECF No. 133).

[32] *See supra* notes 21-23.

[33] 2012 WL 1378529, at *8 (quoting Rose v. Bartle, 871 F.2d 331, 339 n.3 (3rd Cir. 1989)).

[34] *See Malik v. Continental Airlines Inc.*, 305 F. App'x. 165, 166 n.2 (5th Cir. 2008); *United States v. $40,960 in U.S. Currency*, 831 F. Supp. 2d 968, 970 (N.D. Tex. 2011); *United States v. 2121 Kirby Drive, Unit 33, Houston, TX*, No. 06-3335, 2007 WL 3378353 at *3 n.1 (S.D. Tex. Nov. 13, 2007).

clear that video recordings can be incorporated into a complaint.[35]

Plaintiffs claim that, under Defendants' argument, no photographs could ever be included into the body of a complaint, a position contrary to *Nkemakolam*. Plaintiffs contend in that case, the photographs were excluded because they were attached as exhibits to the complaint, "not expressly incorporated into the body of the complaint."[36] Looking at Rule 10, the district court found that the photographs were not proper attachments to a complaint.[37] But the court allowed that "a photograph could have such declarative value, and could properly be admitted or denied as an allegation, such that its inclusion in a pleading would not be improper."[38]

In the present matter, Plaintiffs contend the photographs at issue were incorporated into the body of the pleading and have "declarative value" as to Defendants' actions. They state where the Plaintiffs' canoe and kayak were situated in relation to the barge and fan boats operated by Defendants and their agents; they describe the physical action taken during Plaintiffs' arrests; and they identify individuals involved in the arrests.[39] Plaintiffs note that Defendants may admit or deny the accuracy of the photos or admit or deny Plaintiffs' characterization of the events depicted in the photos; however, the photos should not be stricken.

Further, Plaintiffs submit that neither Rule 8 nor 10 prohibit the incorporation of these photographs, each of which are expressive of the allegations made by Plaintiffs in

---

[35] *Bogie v. Rosenberg*, 705 F.3d 603, 608–09 (7th Cir. 2013); *Brownmark Films, LLC v. Comedy Partners*, 682 F.3d 687, 690–91 (7th Cir. 2012).

[36] *Nkemakolam,* 876 F. Supp. 2d at 1247.

[37] *Id.*

[38] *Id.* at 1247 n.6.

[39] *See Stacey v. Peoria Cty., Ill.*, No. 13–CV–1051, 2013 WL 3279997, at *8 (C.D. Ill. June 27, 2013) (Declining to strike photographs because the images "add information and detail to the allegations in the text of the Complaint," thereby "aid[ing] the parties and the Court in understanding the allegations.").

the *Amended Complaint*, and they are not subject to being struck as "immaterial" under Rule 12(f), even if Defendants were basing their motion on that ground. Finally, the Defendants have not identified any prejudice they will suffer if the photographs are not struck from the pleading. Therefore, Plaintiffs urge the Court's denial of Defendants' *Motion to Strike* the photographs in the *Amended Complaint*.

The Court has reviewed the photographs incorporated into the *Amended Complaint* and has considered all of the cases and arguments submitted by the Parties pursuant to Rules 8 and 10 of the Federal Rules of Civil Procedure. The Court finds that the photographs should not be stricken from the pleading. First, Defendants attempt to distinguish *Imani* by arguing that they have sought to strike the photos in this case on different grounds than those raised in *Imani*. However, Defendants' argument here is that photos should never be incorporated into a complaint under Rules 8 and 10 because they are not statements, allegations, or written material, an argument clearly rejected by Judge deGravelles in *Inmani* when he allowed some photos incorporated into the complaint to remain.

Further, while there is some support for Defendants' position in the case law, the Court is persuaded by those decisions that take a more expansive view of Rule 10(c) and, under that authority, the evidentiary material should be allowed. For example, in *Gen. Elec. Capital Corp. v. Posey*, the Fifth Circuit held that that Form 10-K and financial statements attached to the complaint constituted a "written instrument" under Rule 10(c);[40] in *Davoodi v. Austin Indep. Sch. Dist.*, the Fifth Circuit held that, "because [Plaintiff] attached and fully incorporated the [EEOC] charge into his complaint, it became

---

[40] 415 F.3d 391, 393, 398 (5th Cir. 2005).

a part of his complaint for all purposes."[41]

The Court also finds persuasive the decision of the United States District Court for the Western District of Michigan in *Holder v. Enbridge Energy, L.P.*, a case which involved a portion of a pipeline system known as Line 6B, which ran through Michigan.[42]  The plaintiffs claimed that, "a large amount of oil leaked from Line 6B near Defendants' pump station," spilling about 840,000 gallons.[43]  The defendants moved to strike the photograph contained in the complaint, which "depict[ed] the ruptured portion of Line 6B," arguing that "the photograph is a premature attempt to present evidence to the Court and to inflame the reader."[44]  The court denied the motion, finding: "Again, the Court cannot say that it has no bearing on the subject matter of this case and it is no more prejudicial to Defendants, in the Court's view, than the allegations relating to other pipeline ruptures, Defendants' knowledge of problems with its pipeline systems, and the extent of the damage caused by the rupture of Line 6B."[45]

Further, with respect to Rule 8, Wright and Miller has stated:

The pleading of "evidence" presents a somewhat different problem than does pleading in conclusory terms. Pleading in conclusory terms may hinder the opposing party's preparation of a responsive pleading and justify a motion for a more definite statement under Rule 12(e); by way of contrast, the pleading of evidence will rarely prejudice the opposing party or make it impossible for him to frame a responsive pleading. Of course, a pleading containing a great deal of evidentiary material does not qualify as the 'short and plain' statement required by Rule 8(a)(2) or comply with the 'simple, concise, and direct' mandate in Rule 8(d)(1). Nonetheless, it is contrary to the spirit of the federal rules to assert a technical objection of this character to a pleading that has given fair notice of the claim for relief. Moreover, the federal rules were intended to remove the rigidity of the codes and common law and allow the pleader to use his own judgment about how to tell his

---

[41] 755 F.3d 307, 310 (5th Cir. 2014)(citing Fed. R. Civ. P. 10(c)).
[42] No. 10-752, 2011 WL 3878876 at *1 (W.D. Mich. Sept. 2, 2011).
[43] *Id.*
[44] *Id.* at *6.
[45] *Id.*

story—all within certain limits, of course. Thus, many federal courts have overlooked the presence of evidentiary material in a complaint. Some courts even have found the presence of evidentiary allegations helpful … It is true that occasionally a pleading contains a plethora of evidentiary details and fails to provide a connecting thread, with the result that the defendant truly is unable to prepare a responsive pleading since he cannot decipher the statements in the claim for relief. When this is the case, repleading should be required. **However, unless the presence of evidentiary matters is prejudicial or confusing, the pleading or the objected to portions of it should not be ordered stricken.** Of course, this is a matter of judicial discretion since the court has the power to order a pleading dismissed under Rule 12 and many federal courts have taken a dim view of the pleading of evidence and have ordered repleading or have sustained motions to strike those portions of a pleading that contain evidentiary allegations. It always should be borne in mind that the federal rules reflect the judgment of the drafters that polishing the pleadings by means of motion practice rarely is worth the effort and has nothing to do with ascertaining the merits of the action."[46]

Defendants herein do not argue that the photographs are prejudicial or confusing, and they are free to deny the allegations in their *Answers*; hence, the Court finds that the incorporation of these photos into the *Amended Complaint* does not violate the Federal Rules of Civil Procedure.  The photographs are likewise not immaterial to the Plaintiffs' claims, and there is a clear relationship between the photos and the underlying controversy in this matter.  To be clear, the Court is not ruling on the admissibility of any of these photographs at trial; thus, Defendants are free to challenge the photographs, as may be appropriate, going forward.  Nevertheless, the *Motion to Strike* the photographs is DENIED.

### C. Paragraphs 26, 27, and 28 regarding Native Americans, fracking, and coastal erosion

Next, Defendants move to strike paragraphs 26-28 of the *Amended Complaint* as immaterial to Plaintiffs' claims.  In paragraph 26, Plaintiffs allege: "The Pipeline was

---

[46] 5 Charles Alan Wright and Arthur R. Miller, *Federal Practice and Procedure*, § 1218 (3d ed. 2020) (emphasis added).

planned to cross Native American land and 700 bodies of water, terminating in St. James."

Defendants argue this statement has nothing to do with Plaintiffs' arrests and

constitutional claims, and Plaintiffs do not allege they are Native Americans, that they

were arrested because they are Native Americans, or that they were on Native American

land. Thus, Defendants move to strike this paragraph as immaterial.

Paragraph 27 reads: "Once completed, the Pipeline would serve as the 'final link

between fracked oil from the Bakken shale fields of North Dakota and the refineries and

export facilities of the Gulf coast.'" Defendants contend this paragraph is immaterial

because "[t]his lawsuit is not about whether the pipeline should or should not be

completed, nor is it about whether fracking in the Bakken shale fields is a good idea."[47]

Plaintiffs claim in paragraph 28: "The Pipeline has been confronted with vehement

opposition from environmental activists who argue that its construction greatly

exacerbates Louisiana's coastal erosion crisis. In their view, it could contribute to rising

sea levels, leaving coastal communities more vulnerable to hurricanes, in addition to

threatening wildlife and contaminating drinking water in the surrounding areas."

Defendants move to strike this paragraph as immaterial, arguing the merits and impacts

of pipelines are not at issue in this case. To the extent Plaintiffs argue that these

paragraphs provide background information regarding the motivation for their protests,

Defendants counter that motive is not an element in any of Plaintiffs' causes of action,

and these issues would only distract from the issues that are the focus of the trial.

Plaintiffs oppose Defendants' motion to strike these paragraphs, noting that

Defendants failed to cite to any authority in support of their position. Plaintiffs also argue

---

[47] Rec. Doc. No. 36-1, p. 4.
Document Number: 61612

Defendants have failed to support their claim that these allegations have no possible bearing on the subject matter of the litigation because the statute providing the basis for Plaintiffs' arrest, La. R.S. 14:61(D)(1), excludes: "[l]awful assembly and peaceful and orderly petition, picketing, or demonstration for the redress of grievances or to express ideas or views regarding legitimate matters of public interest . . . ."   Thus, because Plaintiffs' challenge the lawfulness of their arrests, they argue that whether they were protesting pursuant to the exercise of their First Amendment rights under the federal and state constitutions is an issue in this case, and the background statements provided in these paragraphs inform that issue.

> Plaintiffs cite the Fifth Circuit in *Augustus v. Bd. of Pub. Instruction*:
>
> > A disputed question of fact cannot be decided on motion to strike. It is true, also, that when there is no showing of prejudicial harm to the moving party, the courts generally are not willing to determine disputed and substantial questions of law upon a motion to strike. Under such circumstances, the court may properly, and we think should, defer action on the motion and leave the sufficiency of the allegations for determination on the merits.[48]

Plaintiffs maintain that whether their arrest was proper under La. R.S. 14:61 includes a determination of whether they were exercising their First Amendment rights, and paragraphs 26, 27, and 28 support Plaintiffs' allegations of the facts on this issue.  Thus, "[s]o long as the challenged allegations describe acts or events that are relevant to the action and are minimally supported in the record, a complaint will not be stricken even if it offends the sensibilities of the objecting party."[49]

The Court agrees with Plaintiffs that these paragraphs are not immaterial considering the underlying alleged facts of this case and in connection with the elements

---

[48] 306 F.2d at 868.
[49] Rec. Doc. No. 40, p. 8 (quoting *Nguyen v. Louisiana State Bd. of Cosmetology*, No. 14-0080-BAJ-RLB, 2015 WL 590006 (M.D. La. Feb. 11, 2015)).

to prove at trial regarding Plaintiffs' claims of First Amendment retaliation and false arrest. Again, the Court is not making a finding on the admissibility or relevance of any allegations, and those objections are reserved to Defendants at trial; but these paragraphs do not warrant Rule 12(f) relief.  Defendants' *Motion to Strike* is DENIED as to these paragraphs.

### D.  Paragraphs 66, 67, 68, and 83; 80 and 81; and 82, 51, and 52

The remaining paragraphs Defendants want stricken contain allegations regarding "ratification," "failure to train," and "conspiracy."  The Court finds that Rule 12(f) is not the proper procedural mechanism to challenge these allegations.  Indeed, although they may be deficient under Rule 12(b)(6), they are not "redundant, immaterial, impertinent, or scandalous matter" as set forth by Rule 12(f).

As the District Court for the Western District of Louisiana held in *Brown v. Lafayette City-Parish Consol. Government*, citing a wealth of jurisprudence, "[t]he instant Motion is directed toward specific allegations in the Complaint," and "[i]t is clear that these specific allegations of the Complaint constitute neither an insufficient defense, nor a redundant, immaterial, impertinent or scandalous allegation, covered by the motion to strike. Therefore, the procedural device set forth in Rule 12(f) is inapplicable."[50]  Accordingly, the *Motion to Strike* these paragraphs is DENIED as procedurally improper.

---

[50] 2013 WL 7964514 (W.D. La. Dec. 5, 2013)(citing *Drewett v. Aetna Cas. & Surety Co.*, 405 F.Supp. 877, 878 (W.D.La.1975) citing Wright & Miller, *Federal Practice and Procedure* § 1380 ("as the cases make clear, [Rule 12(f) ] is neither an authorized nor a proper way to procure the dismissal of all or a part of a complaint"); *Whittlestone Inc. v. Handi–Craft Co.*, 618 F.3d 970, 974–975 (9th Cir.2010) (holding that "Rule 12(f) does not authorize district courts to strike claims for damages on the ground that such claims are precluded as a matter of law")1; *Brown v. Aetna Life Ins. Co.*, 2013 WL 3442042, *3–4 (W.D.Tex.2013) (holding that a plaintiff's claims for extra-contractual and punitive damages are not properly challenged in a Motion to Strike under Rule 12(f)); *Consumer Solutions REO, LLC v. Hillery*, 658 F.Supp.2d 1002, 1020–21 (N.D.Cal.2009) (finding with respect to a challenge to claims in a complaint and the availability of punitive damages that "[t]he proper medium for challenging the sufficiency of factual allegations in a complaint is

## III.    CONCLUSION

For the foregoing reasons, Defendant's *Amended Motion to Strike*[51] is hereby DENIED.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana on <u>August 20, 2020</u>.

*Shelly D. Dick*

**JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

through Rule 12(b)(6) not Rule 12(f)"). *See also Herrerra v. Michigan Dept. of Corrections*, 2011 WL 3862426, *1 (E.D.Mich.2011) (denying a Rule 12(f) Motion seeking to strike an amended complaint because Rule 12(f) does not provide for such relief); *Dragovic v. Enprotech Steel Services*, 2010 WL 4739931, *2 (N.D.Ohio 2010) citing *Wabash Valley Power Ass'n, Inc. v. Pub. Serv. Co. of Ind., Inc.*, 678 F.Supp. 757, 761 (S.D.Ind.1988)("A 12(f) motion to strike is not the proper procedure to place plaintiff's pleadings in issue."); *Nuccio v. General Host Corp.*, 53 F.R.D. 234, 238 (E.D.La.1971) (denying a Rule 12(f) motion seeking to strike a plaintiff's second cause of action based in tort under the provisions of the workmen's compensation act because the Motion was "improperly raised" under Rule 12(f) "since [the Motion] does not allege that a part of the complaint is 'redundant, immaterial, impertinent, or scandalous'")).

[51] Rec. Doc. No. 36.

Document Number: 61612                                                                        15