## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| CYNTHIA SPOON, SOPHIA COOK-PHILLIPS, and ERIC MOLL,<br><br>        Plaintiffs,<br><br>   v.<br><br>BAYOU BRIDGE PIPELINE LLC, et al.,<br><br>        Defendants. | Case No. 3:19-cv-00516-SDD-SDJ |

### JOINT STATUS REPORT

**A.      JURISDICTION**

Plaintiffs' First Amended Complaint (R. Doc. 28) asserts claims under 42 U.S.C. § 1983 and Louisiana law. Plaintiffs assert that this Court has jurisdiction over the Federal civil rights claims pursuant to 28 U.S.C. §§ 1331 and 1343, and has supplemental jurisdiction over the state law claims pursuant to 42 U.S.C. § 1367.

**B.       BRIEF EXPLANATION OF THE CASE**

1.       Plaintiffs:

Cynthia Spoon, Sophia Cook-Phillips, and Eric Moll ("Plaintiffs") joined activists and water protectors in the L'eau Est La Vie camp in St. Martin Parish, Louisiana in August 2018. They sought to protest the construction of the Bayou Bridge Pipeline. On the morning of August 9, 2018, Plaintiffs paddled into the public, navigable waterways of Bayou Bee in St. Martin Parish in a canoe and kayak. At around 7:40 a.m., the group encountered a construction barge accompanied by multiple fan boats carrying agents and employees of Bayou Bridge Pipeline,

LLC ("BBP") and HUB Enterprises, Inc. ("HUB"). At around 8 a.m., two additional fan boats arrived carrying Defendants Adams, Barbera, Black, Matherne, Pennington, and Ward ("Defendant P&P Officers"). An agent or employee of BBP and/or HUB, pointed toward Spoon, Cook-Phillips, and Moll, instructing the Defendant P&P Officers: "You need to arrest those three. They're in the right-of-way. I'm filing charges."

However, Plaintiffs had remained in the navigable waterway without trespassing on private property and had not violated the provisions of any criminal statute. The terms of the statute under which they were ultimately charged, La. R.S. § 14:61, explicitly protect the rights of protesters. The statute also protects the rights of persons engaging in "recreational activities conducted in the open or unconfined areas around a pipeline, including but not limited to . . . boating." Notwithstanding this, the Defendant P&P Officers forcibly took Plaintiffs into custody.

Defendants BBP's and HUB's employees and agents were in close contact with Sheriff Theriot, his agents, and deputies from St. Martin Parish Sheriff's Office ("SMPSO") throughout the construction of the pipeline section passing through St. Martin Parish. Thus, shortly after Plaintiffs' initial detention, Defendants Troy Dupuis and Gabe Gauthier arrived and called for a transport by additional SMPSO deputies. They conferred with the P&P Officers and agents and employees of BBP and HUB. SMPSO Defendants Arabie, Dupuis, Gauthier, Huval, and Martin took Plaintiffs into custody and booked them for alleged violations of La. R.S. § 14:61. Defendant SMPSO Deputies Stacey Blanchard and Waversun Guidry reported to the site at issue during the time period at issue, were present for Plaintiffs' arrests, and either directly participated in or failed to prevent their unlawful arrests.

As Plaintiffs were being transported from the site of their arrest to the St. Martin Parish jail, P&P Defendant Ward was drafting the probable cause affidavit for one or more of the

arrests using a document with the HUB Enterprises logo and the text of La. R.S. § 14:61, "Unauthorized entry of a critical infrastructure." SMPSO Defendants booked Plaintiffs into the St. Martin Parish jail, charging all three with violating La. R.S. § 14:61(B), "Unauthorized entry of a critical infrastructure," and La. R.S. § 14:108, "Resisting an officer." Plaintiff Moll had an additional charge under La. R.S. § 14:329 "Interfering with a Law Enforcement Investigation."

In the months following her arrest, Cook-Phillips experienced difficulty sleeping, having nightmares of her arrest. She sought counseling and therapy from her college's health services. Spoon suffered bruising and abrasions as a result of her handling by the P&P Defendants during her arrest.

The District Attorney for St. Martin's Parish has not accepted any of the charges made against the Plaintiffs on August 9, 2018.

Based on these facts and as further described in the First Amended Complaint, Plaintiffs raise the following claims against all Defendants (except where otherwise indicated):

- False detention, arrest and imprisonment in violation of the Fourth and Fourteenth Amendments to the United States Constitution.

- Failure to intervene to prevent unlawful arrests.

- Retaliatory arrest for assertion of First Amendment rights.

- Monell liability for violations of Plaintiffs' civil rights (against Sheriff Theriot and SMPSO deputies, in in their official capacities).

- Violations of the Free Expression protections of the Louisiana Constitution.

- Violations of the right to privacy, the right to be left alone, and the rights of the accused established by the Louisiana Constitution.

- Intentional torts, including intentional infliction of emotional distress, assault, battery, and false imprisonment.

2.    Defendants:

Bayou Bridge Pipeline LLP:

Plaintiffs, Cynthia Spoon, Sophia Cook-Phillips, and Eric Moll, assert a variety of Federal and Louisiana State constitutional claims for violation of their civil rights, as well as intentional tort claims, based on allegations about their August 9, 2018 arrests while protesting the construction of the Bayou Bridge Pipeline in St. Martin Parish, Louisiana.

Plaintiffs filed their initial complaint on August 9, 2019, and filed their First Amended Complaint (the "Complaint") on November 7, 2019.   The Complaint names as Defendants Bayou Bridge, HUB Enterprises, Probation and Parole officers, and the St. Martin Parish Sheriff and his deputies, based on their alleged role in arresting the Plaintiffs.  The Complaint contains a variety of allegations about the construction of the Bayou Bridge Pipeline, the Plaintiffs' protest activities, and the Defendants' activities related to construction of the pipeline and Plaintiffs' arrest. Bayou Bridge denies engaging in any illegal activity or activity which otherwise could subject it to liability to the plaintiffs.

HUB Enterprises, Inc.:

HUB assisted with providing security for some areas of the construction of the Bayou Bridge Pipeline. On August 9, 2018, they used both employees and independent contractors to provide those services. The Plaintiffs unlawfully interfered with the construction of the pipeline.  HUB denies the claims of the plaintiffs were committed by either HUB employees or its independent contractors.

<u>Probation and Parole Officer Defendants Heather Pennington, Herman Matherne, Jon Barbera, Mark Ward, Angela Adams, and Douglas Black</u>:

Plaintiffs, Cynthia Spoon, Sophia Cook-Phillips and Eric Moll filed suit against Probation and Parole Officers Pennington, Matherne, Barbera, Ward, Adams and Black, alleging they were unlawfully arrested for trespassing while protesting construction of the Bayou Bridge Pipeline on August 9, 2018 in St. Mary Parish, Louisiana, in violation of their First, Fourth and Fourteenth amendment rights to the United States Constitution.  Plaintiffs claim violations of certain state laws as well. Plaintiffs claim that these defendants intended to arrest plaintiffs pursuant to LSA-R.S. 14:61, which was recently amended to permit felony arrests for unauthorized entry of a custodial infrastructure.  These defendants claim that plaintiffs were trespassing on private property and may have attempted to interfere with the lawful conduct of the entities that were working on the Bayou Bridge Pipeline, in which case there should not be any liability in this matter. Further, these defendants did not possess the authority to determine if these plaintiffs were to be arrested.

<u>Former Sheriff Theriot and St. Martin Parish Deputy Sheriff Defendants</u>:

Sheriff Theriot and Deputies Sharay Arabie, Stacey Blanchard, Troy Dupuis, Gabe Gauthier, Waversun Guidry, Norris Huval, and Chris Martin maintain that they had no involvement in the decision to arrest Plaintiffs or in the arrest itself.  Off-duty Deputies Gauthier and Dupuis arrived at the location where the arrests were made after Plaintiffs had already been arrested.  From that point, Gauthier and Dupuis, and on-duty Deputies Arabie, Huval, and Martin were involved only in calling for and providing transportation to the jail for booking.  Off-duty Deputies Blanchard and Guidry had no involvement with Plaintiffs at all.

Off-duty deputies were allowed to work security details along the construction site, but there was no agreement by anyone that any arrests would be made other than upon probable cause in accordance with the U.S. Constitution, the Louisiana Constitution, and the Louisiana Code of Criminal Procedure.

In any event, the arrests and incarceration of Plaintiffs were proper. Plaintiffs have no claim under Federal or State law if there was probable cause to support an arrest on any ground, whether charged by the arresting officer or not.

Plaintiffs have no standing to sue for a declaratory judgment on behalf of other people who were arrested at different times and under different circumstances by other officers.

**C.    PENDING MOTIONS**

None, although the Sheriff and Deputies anticipate filing dispositive motions in the near future.

**D.    ISSUES**

List the principal legal issues involved and indicate whether or not any of those issues are in dispute:

    1.    <u>Plaintiffs</u>:

        a.    Whether the arrest of the plaintiffs violated the Fourth and Fourteenth Amendments to the U.S. Constitution.

        b.    Whether probable cause existed to arrest all three Plaintiffs for violation of La. R.S. § 14:61(B), "Unauthorized entry of a critical infrastructure."

        c.    Whether probable cause existed to arrest all three Plaintiffs for violation of La. R.S. § 14:108, "Resisting an officer."

        d.    Whether probable cause existed to arrest Plaintiff Moll for violation of La. R.S. § 14:329 "Interfering with a Law Enforcement Investigation."

e.  Whether agents, servants or employees of Bayou Bridge Pipeline, LLC, acting within the course and scope of their employment, participated in Plaintiffs' arrests.

f.  Whether agents, servants or employees of HUB Enterprises, Inc., acting within the course and scope of their employment, participated in Plaintiffs' arrests.

g.  Whether, and to what extent, Defendants Matherne, Ward, Barbera, Pennington, Black, Adams, Arabie, Blanchard, Dupuis, Gauthier, Guidry, Huval, and Martin participated in Plaintiffs' arrests.

h.  Whether, and to what extent, Defendants Matherne, Ward, Barbera, Pennington, Black, Adams, Arabie, Blanchard, Dupuis, Gauthier, Guidry, Huval, and Martin, witnessed their fellow officers unlawfully arresting Plaintiffs in violation of their constitutional rights, had the opportunity and duty to prevent these unlawful arrests, and yet did nothing to prevent the arrests.

i.  Whether Plaintiffs were engaged in protected First Amendment activity when they were arrested on August 9, 2018, and whether their arrests were effected in retaliation for their protected speech against the construction of the pipeline.

j.  Whether BBP with its contractor HUB entered into a preconceived plan with the P&P Officers, SMPSO Deputies, and/or Sheriff Theriot to make felony arrests of pipeline protesters.

k.  Whether the Defendant P&P Officers and/or the SMPSO Defendants failed to exercise independent judgment concerning the arrests of the Plaintiffs and the statutes under which they would be charged, but instead were directed by BBP and/or HUB to make felony arrests under La. R.S. § 14:61.

l.  Whether BBP was a special employer of employees borrowed from HUB Enterprises, a general employer, specifically including the Defendant P&P Officers and SMPSO Deputies, such that BBP is liable for the violation of Plaintiffs' State Constitutional rights and for the commission of state-law torts against Plaintiffs by the Defendant P&P Officers and SMPSO Deputies.

m. Whether Defendant Theriot and/or any of the other SMPSO Defendants developed and maintained policies, practices, procedures, customs, and usages exhibiting deliberate indifference to the constitutional rights of

protesters, which caused the violation of Plaintiffs' rights as described herein and the resultant damages suffered.

n.  Whether Sheriff Theriot, as the final policymaker for the St. Martin's Parish Sheriff's Office, and/or any of the other SMPSO Defendants, agreed with BBP and HUB to provide deputies to work "detail" shifts to suppress protests against the pipeline project in St. Martin's Parish by arresting protesters and charging them with felonies under the amendments to R.S. § 14:61, whether or not the arrests were permissible under the terms of the statute itself or the Constitutions of the United States and of Louisiana.

o.  Whether Sheriff Theriot and/or any of the other SMPSO Defendants failed to train deputies to recognize the First Amendment rights of protesters and demonstrators, reflecting a deliberate indifference to Plaintiffs' constitutional rights.

p.  Whether Sheriff Theriot and/or any of the other SMPSO Defendants failed to train deputies in the scope of La. R.S. § 14:61 and its exception for protected speech, reflecting a deliberate indifference to Plaintiffs' constitutional rights.

q.  Whether the actions of the SMPSO Defendants in violation of Federal and State Constitutional law and/or in violation of State law were directed, condoned, and/or ratified by Sheriff Theriot, his authorized representative, and/or any of the other SMPSO Defendants.

r.  Whether the actions of any or all Defendants violated Plaintiffs' rights under Article I, Sections 5, 7, and/or 13 of the Louisiana Constitution, and whether any such actions were undertaken while in the course and scope of the applicable Defendants' employment.

s.  Whether, and to what extent, Defendants committed the intentional torts of assault, battery, false arrest and imprisonment, and whether any such actions were undertaken while in the course and scope of the applicable Defendants' employment.

t.  Whether Defendants' response to peaceful and lawful protests, and their arrest of Plaintiffs amounts to extreme and outrageous conduct that caused Plaintiffs severe emotional distress, whether Defendants knew or should have known that such distress would be the outcome of their actions, and whether any such actions were undertaken while in the course and scope of the applicable Defendants' employment.

u.  Whether there was a nexus between the actions of the agents, servants, and employees of BBP and /or HUB and the actions of the law enforcement Defendants (the P&P Officers, the SMPSO Defendants, and Sheriff Theriot) sufficient to render BBP and/or HUB liable for the violations of Plaintiffs' Federal Constitutional rights.

v.  Whether Plaintiffs suffered damages as a result of the actions of Defendants, or any of them, and the extent of such damages.

w.  Whether punitive damages should be awarded against any or all of the Defendants.

2.  <u>Defendants</u>:

<u>Bayou Bridge Pipeline LLP</u>:

a.  Whether Bayou Bridge can be held liable for non-arresting officers' alleged failure to intervene and prevent Plaintiffs' arrest.

b.  Whether there was an agreement between Bayou Bridge and the public defendants to commit an illegal act.

c.  Whether the plaintiffs were deprived of any constitutional rights.

d.  Whether Bayou Bridge had a motive of retaliating against the plaintiffs for their alleged protected speech against the construction of the pipeline.

e.  Whether Bayou Bridge contacted any law enforcement personnel or agencies and instructed the arrest of the Plaintiffs.

f.  Whether Bayou Bridge undertook any actions that were the proximate cause of any alleged injuries by Plaintiffs.

g.  Whether Bayou Bridge played a role such that it could be held liable for the alleged seizure of plaintiffs.

h.  Whether Bayou Bridge had any duty to inform the plaintiffs of the charges against them.

i.  Whether Bayou Bridge can incur liability for alleged intentional torts of third parties.

j.  Whether Bayou Bridge can be held liable, despite law enforcement personnel making decisions based on their own information and beliefs.

k.  Whether Bayou Bridge can incur vicarious liability without an individual employee incurring liability.

l.  Whether any Bayou Bridge employee acted in a manner for which Bayou Bridge could incur vicarious liability.

m.  Whether law enforcement personnel undertook any independent investigation prior to performing arrests.

n.  Whether any of the activities addressed by Plaintiffs were joint activities including Bayou Bridge.

o.  Whether Bayou Bridge was a willful participant in the specific activities alleged by Plaintiffs.

p.  Bayou Bridge disputes that its alleged status as a borrowed or special employer is an issue in this case.

q.  Whether Plaintiffs sustained any injuries.

r.  Whether Plaintiffs sustained any damages.

s.  Whether Bayou Bridge intended to cause harm or distress to the Plaintiffs.

HUB Enterprises, Inc.:

HUB agrees that those issues listed by plaintiffs and other parties are in dispute.

Probation and Parole Officer Defendants Heather Pennington, Herman Matherne, Jon Barbera, Mark Ward, Angela Adams, and Douglas Black:

a.  Whether these defendants are responsible for the arrest of the three plaintiffs.

b.  Whether these defendants were engaged in an unlawful arrest of these three plaintiffs.

c.  Whether these plaintiffs obstructed a navigable waterway prohibited by applicable law.

d.  Whether any plaintiff received any injuries.

e.  Whether any plaintiff suffered any damages.

<u>Former Sheriff Theriot and St. Martin Parish Deputy Sheriff Defendants</u>:

a.  Whether any Deputies were present at the time of Plaintiffs' arrests.

b.  Whether Plaintiffs blocked or attempted to block the movement of a barge or vessel prior to their arrests.

c.  Whether there was probable cause to believe that Plaintiffs violated R.S. 14:97 at the time of their arrests.

d.  Whether Plaintiffs have set forth a viable claim against former Sheriff Theriot for "failure to train" where they allege no prior incidents of alleged misconduct and their claims are focused on training as to only a particular statute.

e.  Whether Deputies engaged in the transport of Plaintiffs to the jail for booking after their arrest can be liable for false arrest or false imprisonment.

f.  Whether any alleged violation of Article I, Sec. 13 (informed of charges) of the Louisiana Constitution can give rise to a claim for damages, and whether such information about the charge on which the arrest is based must be given at the scene of the arrest.

g.  Whether Deputies Blanchard and Guidry had any involvement whatsoever in Plaintiffs' arrests, and whether the claims against them are frivolous.

h.  Whether Deputies Blanchard and Guidry are entitled to attorney's fees under 42 USC 1988.

i.  Whether Deputies Arabie, Huval, and Martin were only involved in providing transport for Plaintiffs to the jail, and whether any good faith claim can be made against them for alleged violations of Plaintiffs' rights on that basis.

j.  Whether Deputies Arabie, Huval, and Martin are entitled to attorney's fees under 42 USC 1988.

**E.    DAMAGES**

Separately, for each party who claims damages or an offset, set forth the computation of

damages or the offset:

1.    Plaintiff's calculation of damages: Plaintiffs seek recovery for the violation of their rights under the United States and Louisiana Constitutions, and for assault, battery, false imprisonment, and infliction of emotional distress. Their damages will be based on their physical and emotional pain and suffering, lost wages/income, and lost or damaged property. Plaintiffs also seek an award of punitive damages.

2.    Defendants' calculation of offset and/or plaintiff's damages:

Bayou Bridge Pipeline LLP:

Bayou Bridge denies the Plaintiffs have suffered any damages.  Bayou Bridge has not yet made any offset or damages calculations

HUB Enterprises, Inc.:

HUB contends that plaintiffs suffered no damages as a result of the actions claimed in their petition.

Probation and Parole Officer Defendants Heather Pennington, Herman Matherne, Jon Barbera, Mark Ward, Angela Adams, and Douglas Black:

As there has been no violation of the First, Fourth and Fourteenth Amendments to the United States Constitution and no state laws have been violated, defendants do not believe the plaintiffs are entitled to any damages in this matter.

Former Sheriff Theriot and St. Martin Parish Deputy Sheriff Defendants:

Deputies Blanchard, Guidry, Arabie, Huval, and Martin have a claim for attorney's fees under 42 USC 1988.  The amount is continuing to accrue, but can be determined at the conclusion of the litigation

**F.    SERVICE:**

There are no unresolved issues as to waiver or service of process, personal jurisdiction, or venue.

**G.    DISCOVERY**

1.    Initial Disclosures:

    A.    Have the initial disclosures required under FRCP 26(a)(1) been completed?

        [ ]  YES    [X] NO

In accordance with Local Rule 26(b), the parties shall provide their initial disclosures to the opposing party no later than 7 days before the date of the scheduling conference, unless a party objects to initial disclosures during the FRCP 26(f) conference and states the objection below.

    B.    Do any parties object to initial disclosures?

        [ ]  YES    [X] NO

2.    Briefly describe any discovery that has been completed or is in progress:

<u>Plaintiffs</u>: Plaintiffs were granted limited discovery for the purpose of identifying then-unknown Probation and Parole officers employed by Louisiana Department of Public Safety & Corrections and then-unknown Sheriff's deputies of the St. Martin Parish Sheriff's Department who were involved in the arrests of Plaintiffs or who may have witnessed alleged constitutional violations during the arrests and failed to intervene. That discovery has been completed.

<u>Defendants</u>:

    <u>Bayou Bridge Pipeline LLP</u>:  None.

    <u>HUB Enterprises, Inc</u>.:    None.

    <u>Probation and Parole Officer Defendants</u>:    None.

> Former Sheriff Theriot and St. Martin Parish Deputy Sheriff Defendants:  See
> Plaintiffs' statement.

3.    Please describe any protective orders or other limitations on discovery that may be
     required/sought during the course of discovery.

Plaintiffs: Plaintiffs anticipate that a protective order may be needed regarding any
medical or other private and/or confidential records of Plaintiffs.

Defendants:

> Bayou Bridge Pipeline LLP:
>
> > Bayou Bridge reserves the right to seek a protective order, or otherwise limit
> > discovery, as necessary in the course of discovery.
>
> HUB Enterprises, Inc.:
>
> > HUB has not identified at this time any necessary protective orders or other
> > limitations on discovery.
>
> Probation and Parole Officer Defendants:
>
> > At this time, none.
>
> Former Sheriff Theriot and St. Martin Parish Deputy Sheriff Defendants:
>
> > Depositions should be via Zoom or other teleconference until pandemic
> > limitations on indoor gatherings are lifted

4.    Discovery from experts:

     Identify the subject matter(s) as to which expert testimony will be offered:

Plaintiffs:  Plaintiffs have not yet retained any experts.

Defendants:

> Bayou Bridge Pipeline LLP:

Bayou Bridge has not yet determined the subject matter as to which it may

offer expert testimony.

<u>HUB Enterprises, Inc</u>.:

HUB has not retained experts.

<u>Probation and Parole Officer Defendants</u>:

Unknown

<u>Former Sheriff Theriot and St. Martin Parish Deputy Sheriff Defendants</u>:

No experts have been retained at this time.

**H.     PROPOSED SCHEDULING ORDER**

1.     If the parties propose an alternative timeframe for exchanging initial disclosures,

please provide that proposed deadline:  **March 18, 2021**.

2.     Recommended deadlines to join other parties or to amend the pleadings:

**July 2, 2021**.

3.     Filing all discovery motions and completing all discovery except experts:

**December 15, 2021**.

4.     Disclosure of identities and resumés of expert witnesses (if appropriate, you may

suggest different dates for disclosure of experts in different subject matters):

Plaintiffs:     **December 22, 2021**.

Defendants:     **January 21, 2022**.

5.     Exchange of expert reports:

Plaintiffs:     **February 1, 2022**.

Defendants:     **March 1, 2022**.

6.      Completion of discovery from experts:        **May 13, 2022**.

7.      Filing dispositive motions and Daubert motions:  **June 24, 2022**.

8.      All remaining deadlines and the pre-trial conference and trial date will be included

in the initial scheduling order.  The deadlines will be determined based on the

presiding judge's schedule, within the following general parameters.[1] The parties

should not provide any proposed dates for these remaining deadlines.

a.      Deadline to file pre-trial order (approximately 16 weeks after dispositive

motion deadline).

b.      Deadline to file motions in limine (approximately 20-22 weeks after

dispositive motion deadline).

c.      Deadline to file an affidavit of settlement efforts (approximately 22-24

weeks after dispositive motion deadline).

d.      Deadline to submit joint jury instructions, voir dire, verdict forms, and trial

briefs to the presiding judge (approximately 25-27 weeks after dispositive

motion deadline).

e.      Pre-trial conference date (approximately 18-20 weeks after dispositive

motion deadline).

f.      Trial date (approximately 27-29 weeks after dispositive motion deadline).

---

[1] The date ranges provided for the new deadlines, pre-trial conference, and trial date are a general
guideline only. The actual dates may vary depending on the complexity of a particular case.  All
requests for subsequent changes to the deadlines set in the scheduling order under number 7 must
be by motion directed to the presiding judge.

9.      If the general outline of proposed deadlines does not fit the circumstances of your

particular case, please provide a proposed joint schedule of deadlines which is more

appropriate for your case.

**I.     TRIAL**

1.     Has a demand for trial by jury been made?

[X] YES [  ] NO

2.     Estimate the number of days that trial will require.

Plaintiffs estimate that the trial will take five (5) days.

**J.     OTHER MATTERS**

Are there any specific problems the parties wish to address at the scheduling conference?

[  ] YES    [X] NO

i.      If the answer is *yes*, please explain:

ii.     If the answer is *no*, do the parties want the court to cancel the scheduling

conference and to enter a scheduling order based on the deadlines set out

in this report?  **CHECK "NO" IF YOU HAVE NOT SUBMITTED**

**JOINT PROPOSED DEADLINES.**

[X] YES    [  ] NO

**K.    SETTLEMENT**

1.     Please set forth what efforts, if any, the parties have made to settle this case to
date.

The insurance carrier for one of the Defendants approached counsel for Plaintiffs
regarding settlement; Plaintiffs' counsel advised that settlement discussions were
premature.

17

2.    Do the parties wish to have a settlement conference:

[X] YES  [ ] NO

Plaintiffs, Bayou Bridge Pipeline, LLC, HUB Enterprises, and St. Martin Parish Sheriff's Office Defendants wish to have a settlement conference. Probation & Parole Officer Defendants Heather Pennington, Herman Matherne, Jon Barbera, Mark Ward, Angela Adams, and Douglas Black do not wish to have a settlement conference.

If your answer is *yes,* at what stage of litigation would a settlement conference be most beneficial?

At the close of non-expert discovery.

**L.    CONSENT TO JURISDICTION BY A MAGISTRATE JUDGE**

You have the right to waive your right to proceed before a United States District Judge and may instead consent to proceed before a United States Magistrate Judge.

Indicate whether, at this time, all parties will agree, pursuant to 28 U.S.C. § 636(c), to have a Magistrate Judge handle all the remaining pretrial aspects of this case and preside over a jury or bench trial, with appeal lying to the United States Court of Appeals for the Fifth Circuit.

All parties agree to jurisdiction by a Magistrate Judge of this court:

[ ]  YES    [X] NO

Report dated:  January 21, 2021.

Respectfully submitted,

/s/ James W. Craig
James W. Craig, La. Bar No. 33687
Emily M. Washington, La. Bar No. 34143
Eric A. Foley, La. Bar No. 34199

Roderick & Solange MacArthur Justice Center
4400 S. Carrollton Ave.
New Orleans, LA 70119
(504) 620-2259 (p)
(504) 208-3133 (f)

jim.craig@macarthurjustice.org
emily.washington@macarthurjustice.org
eric.foley@macarthurjustice.org

*Attorneys for Plaintiffs*

OATS & MARINO
A Partnership of Professional Corporations

s/ Patrick McIntire
PATRICK B. McINTIRE (La. 17052)
100 E. Vermilion Street, Suite 400
Lafayette, La. 70501
Ph. 337-233-1100
pmcintire@oatsmarino.com

*Counsel for Sheriff Theriot and St. Martin Parish Sheriff's Deputies*

*/s/ F. Gibbons Addison*
James C. Percy (La. Bar No. 10413) (Lead Attorney)
F. Gibbons Addison (La. Bar No. 35426)
Jones Walker, LLP
445 North Boulevard, Suite 800
Baton Rouge, Louisiana 70802
Telephone: (225) 248-2130
Fax: (225) 248-3130
Email: jpercy@joneswalker.com
Email: gaddison@joneswalker.com

*Attorneys for Bayou Bridge Pipeline LLC*

**MARON MARVEL BRADLEY ANDERSON &
TARDY LLC**

*/s/ Shelley K. Napolitano*
ROBERT E. DILLE (#23037)
REBECCA A. ZOTTI (#33446)
SHELLEY K. NAPOLITANO (#34692)
Place St. Charles
201 St. Charles Avenue, Suite 2411
New Orleans, LA 70170
Telephone: (504) 684-5100
Facsimile: (504) 613-0067

*Attorneys for HUB Enterprises, Inc.*


Jeff Landry
Attorney General

By:    */s/ Andrew Blanchfield*
ANDREW BLANCHFIELD, T.A. (#16812)
Email: ablanchfield@keoghcox.com
701 Main Street (70802)
Post Office Box 1151
Baton Rouge, Louisiana 70821
Telephone: (225) 383-3796
Facsimile: (225) 343-9612

*Attorney for Heather Pennington, Herman Matherne, Jon
Barbera, Mark Ward, Angela Adams and Douglas Black*