UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

CYNTHIA SPOON, ET AL                               CIVIL ACTION

VERSUS

                                                   NO. 19-516-SDD-SDJ
BAYOU BRIDGE
PIPELINE, LLC, ET AL

**ORDER**

Before the Court is the *Parties' Joint Motion to Amend Scheduling Order* (R. Doc. 65). The motion seeks an extension of deadlines in the Scheduling Order (R. Doc. 64), including discovery, disclosure of expert identities, exchange of expert reports, and filing of dispositive and Daubert motions. As an initial issue, the motion is untimely. The Scheduling Order clearly states, "a motion to extend any deadline set by this Order must be filed before its expiration." This mandate comports with Rule 6 of the Federal Rules of Civil Procedure, which provides, in pertinent part, "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time: (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires…" Fed. R. Civ. P. 6(b)(1)(A). Here, the parties filed their motion 16 days after expiration of the fact discovery deadline, rendering the motion untimely.

Furthermore, the parties' motion is insufficiently supported. The Scheduling Order states, "All motions to extend scheduling order deadlines must be supported by facts sufficient to find good cause as required by Rule 16, Fed.R.Civ.P. Extensions of deadlines governing discovery must be supported with information describing the discovery already completed, what necessary discovery remains, the parties' efforts to complete the remaining discovery by the deadline and any additional showing that the parties have diligently pursued their discovery." The good cause standard requires the 'party seeking relief to show that the deadlines cannot reasonably be met

despite the diligence of the party needing the extension'." *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003) (quoting 6A Charles Alan Wright et al., Federal Practice and Procedure § 1522.1 (2d ed. 1990)). The following four factors may be considered when determining whether there is good cause under Rule 16(b)(4): (1) the explanation for the failure to timely comply with the scheduling order; (2) the importance of the modification; (3) potential prejudice in allowing the modification; and (4) the availability of a continuance to cure such prejudice. *Squyres v. Heico Cos., L.L.C.*, 782 F.3d 224, 237 (5th Cir. 2015) (citation omitted). "The Court has 'broad discretion to preserve the integrity and purpose of the pretrial order'." *Kerek v. Crawford Elec. Supply Co., Inc.*, 2019 WL 1505239, at *2 (M.D. La. Feb. 26, 2019) (quoting *S&W Enters.*, 315 F.3d at 535)).

Applying these four factors to parties' request, the Court finds the parties have failed to demonstrate good cause for altering the deadlines as requested. The parties' proposed deadlines alter the dispositive motion deadline to the extent a new trial date would be required. The proffered "good cause" of counsels' congested schedules does not justify altering the Court's trial date. However, the Court will amend the Scheduling Order to permit additional time to conduct discovery without altering the dispositive motion deadline or trial date.

Accordingly, the *Parties Joint Motion to Amend Scheduling Order* (R. Doc. 65) is **GRANTED IN PART AND DENIED IN PART.** The new deadlines in the Scheduling Order are:

> 2. b. Filing all discovery motions and completing all discovery except experts: **December 31, 2021**
>
>    c. Disclosure of identities and resumes of expert witnesses:
>       i. Plaintiffs:   **January 17, 2022**
>
>       ii. Defendants:  **January 31, 2022**
>
>    d. Exchange of expert reports:
>       i. Plaintiffs:   **February 1, 2022**

      ii. Defendants:  **February 15, 2022**

   e. Completion of discovery from experts: **March 4, 2022**

All other deadlines in the Scheduling Order (R. Doc. 64) are unchanged.

Signed in Baton Rouge, Louisiana, on November 23, 2021.

_____
              **SCOTT D. JOHNSON**
              **UNITED STATES MAGISTRATE JUDGE**