UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| CYNTHIA SPOON, et al | * | CIVIL ACTION |
| VS. | * | |
| BAYOU BRIDGE PIPELINE, LLC, et al | * | NO. 3:19-CV-00516-SDD-EWD |

******************************************************************************

### ANSWER OF SHERIFF THERIOT AND DEPUTIES
### Qualified Immunity Asserted

NOW INTO COURT, through undersigned counsel, come Defendants, former Sheriff Ronald Theriot of St. Martin Parish, and Deputies Troy Dupuis, Gabe Gauthier, Norris Huval, Chris Martin, Sharay Arabie, Stacey Blanchard, and Waversun Guidry (collectively, the Deputies) who, in response to the Amended Complaint filed herein, respectfully avers as follows:

1. The allegations of Paragraph 1 are denied as written. It is admitted that Plaintiffs were arrested on August 9, 2018. The remaining allegations are denied for lack of sufficient information to justify a belief therein.

2. The allegations of Paragraph 2 (jurisdiction) are admitted.

3. The allegations of Paragraph 3 (venue) are admitted.

4. The allegations of Paragraph 4 are denied.

5. The allegations of Paragraph 5 are denied.

6. The allegations of Paragraph 6 are denied.

7. The allegations of Paragraph 7 are denied as written. It is admitted that Bayou Bridge Pipeline contracted with HUB Enterprises to provide security during the construction of the pipeline. All remaining allegations of Paragraph 7 are denied for lack of sufficient information to justify a belief therein.

8. The allegations of Paragraph 8 are denied as written. It is admitted that HUB Enterprises has its principle place of business in Broussard, and that it provides security and investigation services. It is further admitted that HUB Enterprises contracted with BBP to provide security during the construction of the pipeline. The remaining allegations of Paragraph 8 are denied for lack of sufficient information to justify a belief therein.

9. The allegations of Paragraph 9 are denied for lack of sufficient information to justify a belief therein.

10. The allegations of Paragraph 10 are denied for lack of sufficient information to justify a belief therein.

11. The allegations of Paragraph 11 are denied for lack of sufficient information to justify a belief therein.

12. The allegations of Paragraph 12 are denied for lack of sufficient information to justify a belief therein.

13. The allegations of Paragraph 13 are denied for lack of sufficient information to justify a belief therein.

14. The allegations of Paragraph 14 are denied for lack of sufficient information to justify a belief therein.

15. The allegations of Paragraph 15 (definition of the "P&P Defendants") require no response, but if a response is required, the allegations are denied.

16. The allegations of Paragraph 16 are denied as written. All allegations are admitted except for the allegation that Sheriff Theriot may be sued in an "official capacity." Sheriff Theriot held the office of Sheriff of St. Martin Parish until June 30, 2020; he was not employed by an office or legal entity.

17. The allegations of Paragraph 17 - 23 are denied. No Deputy Sheriffs participated in Plaintiffs' arrests.

18. The allegations of Paragraph 24 are denied.

19. The allegations of Paragraph 25 - 28 are immaterial. In the event an answer is required, the allegations are denied for lack of sufficient information to justify a belief therein.

20. The allegations of Paragraph 29 are denied.

21. The allegations of Paragraph 30 are denied for lack of sufficient information to justify a belief therein. In particular, it is not known if all previous arrests were for misdemeanor offenses.

22. The allegations of Paragraph 31 are admitted.

23. The allegations of Paragraph 32 are denied.

24. The allegations of Paragraph 33 are denied as written. It is admitted that Sheriff Theriot agreed that deputies would be allowed to work details with HUB at or near the construction site. All remaining allegations of Paragraph 33 are denied.

25. The allegations of Paragraph 34 are denied for lack of sufficient information to justify a belief therein.

26. The allegations of Paragraph 35 are admitted.

27. The allegations of Paragraph 36 are denied for lack of sufficient information to justify a belief therein.

28. The allegations of Paragraph 37 are denied for lack of sufficient information to justify a belief therein.

29. The allegations of Paragraph 38 are denied for lack of sufficient information to justify a belief therein.

30. The allegations of Paragraph 39 are denied for lack of sufficient information to justify a belief therein.

31. The allegations of Paragraph 40 are denied for lack of sufficient information to justify a belief therein.

32. The allegations of Paragraph 41 are denied for lack of sufficient information to justify a belief therein.

33. The allegations of Paragraph 42 are denied for lack of sufficient information to justify a belief therein.

34. The allegations of Paragraph 43 are denied for lack of sufficient information to justify a belief therein.

35. The allegations of Paragraph 44 are denied for lack of sufficient information to justify a belief therein.

36. The allegations of Paragraph 45 are denied for lack of sufficient information to justify a belief therein.

37. The allegations of Paragraph 46 are denied for lack of sufficient information to justify a belief therein.

38. The allegations of Paragraph 47 are denied for lack of sufficient information to justify a belief therein.

39. The allegations of Paragraph 48 are denied for lack of sufficient information to justify a belief therein.

40. The allegations of Paragraph 49 are denied for lack of sufficient information to justify a belief therein.

41. The allegations of Paragraph 50 are denied for lack of sufficient information to justify a belief therein.

42. The allegations of Paragraph 51 are denied for lack of sufficient information to justify a belief therein.

43. The allegations of Paragraph 52 are denied as written. Agents of Hub Enterprises were in contact with deputies to coordinate work schedules. All remaining allegations or Paragraph 52 are denied.

44. The allegations of Paragraph 53 are denied as written. Plaintiffs were under arrest when Deputies Troy Dupuis and Gabe Gauthier arrived. It is admitted that they conferred with P&P Officers and called for transport to the jail by additional Deputies. Any remaining allegations of Paragraph 53 are denied.

45. The allegations of Paragraph 54 are denied as written. Deputies Huval, Martin and Arabie provided transport to the jail. Any remaining allegations of Paragraph 54 are denied.

46. The allegations of Paragraph 55 are denied. Deputies Blanchard and Guidry were never at the site and never encountered Plaintiffs.

47. The allegations of Paragraph 56 are denied.

48. The allegations of Paragraph 57 are denied as written. It is admitted Deputy Huval provided water transport from Bayou Sorrel to Bayou Benoit Landing. The remaining allegations are denied for lack of sufficient information to justify a belief therein.

49. The allegations of Paragraph 58 are denied as written. It is admitted that Plaintiffs were transferred to a boat that was crewed by Deputy Huval and taken to a dock. It is also admitted that Plaintiffs were then transferred to vehicles driven by Deputies Arabie and Martin and taken from Bayou Benoit Landing to the jail. The remaining allegations are denied.

50. The allegations of Paragraph 59 are admitted, with the clarification that Moll rode with Deputy Martin, and Cook-Phillips and Spoon rode with Deputy Arabie.

51. The allegations of Paragraph 60 are denied for lack of sufficient information to justify a belief therein.

52. The allegations of Paragraph 61 are denied as written.  It is denied that any of the Defendant Deputies booked Plaintiffs into the jail.  It is admitted that Plaintiffs were charged as described.  Any remaining allegations of Paragraph 61 are denied.

53. The allegations of Paragraph 62 are admitted.

54. The allegations of Paragraph 63 are admitted.

55. The allegations of Paragraph 64 are denied for lack of sufficient information to justify a belief therein.

56. The allegations of Paragraph 65 are denied for lack of sufficient information to justify a belief therein.

57. The allegations of Paragraph 66 are denied.

58. The allegations of Paragraph 67 are immaterial.  It is admitted that other arrests were made by SMPSO deputies, and that all arrests by SMPSO deputies were based upon probable cause to believe an offense was committed by the person arrested, and some arrests were based on arrest warrants issued by the Court.

59.  The allegations of Paragraph 68 are immaterial.  Approval was given for deputies to work security details for Hub Enterprises in advance of the work, though the paperwork was completed at a later date.  Any remaining allegations of Paragraph 68 are denied.

60. The allegations of Paragraph 69 through 85 are denied.

61. The allegations of Paragraph 86 contain legal conclusions which require no response. It is denied that either Sheriff Theriot or any of the Deputies arrested Plaintiffs or interfered with any of their fundamental rights. Any remaining allegations of Paragraph 86 are denied.

62. In response to the allegations of Paragraph 87, it is admitted that Sheriff Theriot was acting at all times in the course and scope of his duties as Sheriff, that Deputies Dupuis and Gauthier were acting for Hub Enterprises, and that Deputies Huval, Martin and Arabie were acting for Sheriff Theriot. Any remaining allegations of Paragraph 87 are denied.

63. The allegations of Paragraph 88 are denied.

64. The allegations of Paragraph 89 are denied.

65. In response to Paragraph 90, the response to Paragraph 87 is incorporated.

66. The allegations of Paragraph 91 are denied.

67. In response to Paragraph 92, which incorporates prior allegations, Sheriff Theriot and the Deputies incorporate their prior responses.

68. The allegations of Paragraph 93 are denied.

69. In response to Paragraph 94, the response to Paragraph 87 is incorporated.

70. The allegations of Paragraph 95 are denied.

AND NOW, in further response to the allegations of the First Amended Complaint, former Sheriff Theriot and the Deputies aver as follows:

87. Former Sheriff Theriot and the Deputies are entitled to qualified immunity.

88. Former Sheriff Theriot and the Deputies are entitled to immunity based on their objectively reasonable reliance on existing law.

89. The recovery, if any, against former Sheriff Theriot or the Deputies should be reduced as a result of the actions or fault of the Plaintiffs or third parties.

Wherefore, former Sheriff Theriot and Deputies Troy Dupuis, Gabe Gauthier, Norris Huval, Chris Martin, Sharay Arabie, Stacey Blanchard, and Waversun Guidry pray that after due proceedings are had herein, there be judgment in their favor, dismissing the claims of Plaintiffs, with prejudice and at Plaintiffs' cost.

> Respectfully submitted,
>
> OATS & MARINO
> A Partnership of Professional Corporations
>
> ___s/ Patrick McIntire_____
> PATRICK B. McINTIRE (La. 17052)
> 100 E. Vermilion Street, Suite 400
> Lafayette, La. 70501
> Ph.  337-233-1100
> pmcintire@oatsmarino.com
> *Counsel for Sheriff Theriot and Deputies*

## CERTIFICATE OF SERVICE

I hereby certify that on December 3, 2021, a copy of the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to counsel for all parties by operation of the court's electronic filing system.  I also certify that I have mailed by United States Postal Service this filing to the following non-CM/ECF participants: NONE.

> _____s/ Patrick McIntire_____
> **PATRICK B. McINTIRE**