UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**CYNTHIA SPOON, et al.**                                                              **CIVIL ACTION**

**VERSUS**                                                                                          **NO. 19-516-SDD-SDJ**

**BAYOU BRIDGE
PIPELINE, LLC, et al.**

## ORDER

Before the Court is Plaintiffs' Motion to Compel (R. Doc. 75) complete discovery responses from the SMPSO Defendants and for leave of Court to depose Terry Guidry and Robley Picard after the January 31, 2022 discovery deadline. The SMPSO Defendants filed an Opposition to the Motion to Compel. (R. Doc. 85).

The Court grants Plaintiffs' request to depose Terry Guidry and Robley Picard in a separate Order resolving Plaintiffs' Motion to Reopen Discovery (R. Doc. 81). And so, the only issues that remain are whether the SMPSO Defendants should be compelled to produce supplemental responses to Plaintiffs' Interrogatory No. 5 and Request for Production Nos. 12 and 13. The Court resolves these issues below.

Rule 26(b)(1) of the Federal Rules of Civil Procedure allows a party to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." If a party fails to respond fully to discovery requests made pursuant to Rules 33 and 34, the party seeking discovery may move to compel disclosure under Rule 37. An "evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer or respond." Fed. R. Civ. P. 37(a)(4).

### A.    Interrogatory No. 5

Plaintiffs' Interrogatory No. 5 concerned the following information from the SMPSO Defendants:

**Interrogatory No. 5:**
Identify your supervisors for any SMPSO shifts and private details you worked on the day of Aug. 9, 2018. If you were a supervisor, please list the names and badge numbers of officers you supervised.

(R. Doc. 75-2 at 5). The SMPSO Defendants responded:

**Answer to Interrogatory No. 5:**
Captain Waversun Guidry supervised Sergeant Chris Martin, who supervised operations on the pipeline.

(R. Doc. 75-3 at 4). During the depositions of Waversun Guidry and Ronald Theriot on January 28, 2022, Plaintiffs learned for the first time that "two other SMPSO ranking officers, then Lt. Colonel Terry Guidry and Major Robley Picard, supervised Captain Waversun Guidry and his supervisees (including all the SMPSO Individual Defendants except Waversun Guidry and Ronald Theriot)." (R. Doc. 75-1 at 7).

Plaintiffs now ask the Court to compel the SMPSO Defendants to provide a complete response to Interrogatory No. 5 that includes "the chain of command within SMPSO with respect to the private duty detail providing security for construction of the Bayou Bridge Pipeline." (R. Doc. 75-1 at 4). According to Plaintiffs, "the chain of command from the SMPSO Deputies involved in Plaintiffs' arrests up to a policy-maker for the Sheriff is one of the ways in which *Monell* liability may be imposed on the Sheriff in his official capacity" and Interrogatory No. 5 "relate[s] directly to [this] factual issue[]." (R. Doc. 75-1 at 3).

Interrogatory No. 5 asks each SMPSO Defendant who worked a private security detail at the Bayou Bridge Pipeline on August 9, 2018, to identify their supervisors for that detail. The Court agrees with the SMPSO Defendants that Interrogatory No. 5 cannot reasonably be read as

requesting the entire chain of command within the SMPSO. (R. Doc. 85 at 3) ("Interrogatory No. 5 does not ask about the chain of command up to the Sheriff; it asks about the shift and detail supervisors on the date of the arrests."). As such, the Court will not compel the SMPSO Defendants to provide a supplemental response detailing the entire chain of command within the SMPSO for private details worked at the pipeline. *See Odeh v. City of Baton Rouge*, 2016 WL 1254361, at *9 (M.D. La. Mar. 29, 2016) (Pursuant to Rule 33, interrogatories "must adequately advise the interrogated party of the information requested.").

However, because Waversun Guidry did work a private security detail at the pipeline's construction site on August 9, 2018, his "immediate supervisors" — Terry Guidry and Robley Picard — should have been identified in the SMPSO Defendants' Answer to Interrogatory No. 5. (R. Doc. 85 at 2) (describing T. Guidry and Picard as "immediate supervisors"); (R. Doc. 75-3 at 2) (Answer to Interrogatory No. 2 indicates that W. Guidry worked a private detail on August 9, 2018). Although this information was eventually provided to Plaintiffs during depositions on January 28, 2022, Plaintiffs are still entitled to complete responses to any written discovery. *See* Fed. R. Civ. P. 26(e). And so,

**IT IS ORDERED** that Plaintiffs' Motion to Compel is **GRANTED** to the extent they seek a supplemental response to **Interrogatory No. 5** that accurately identifies Waversun Guidry's supervisors. Within **7 days** of this Order, the SMPSO Defendants must **supplement** their Answer to Interrogatory No. 5 by identifying Waversun Guidry's supervisors "for any SMPSO shifts and private details [he] worked on the day of Aug. 9, 2018." (R. Doc. 75-2 at 5).

      B.      **Request for Production Nos. 12 and 13**

According to Plaintiffs, Request for Production Nos. 12 and 13 were aimed at "determine[ing] the level of coordination between and among Bayou Bridge Pipeline, LLC, HUB,

the Sheriff of St. Martin Parish in his official capacity, and the Individual SMPSO Defendants."

(R. Doc. 75-1 at 5).

> **Request for Production No. 12:**
> All intelligence reports created or received by you concerning planned protests at the Bayou Bridge Pipeline construction sites.
>
> **Response to Request for Production No. 12:**
> No intelligence reports created or received by the Deputies concerned planned protests at the Bayou Bridge Pipeline construction sites, but Deputies kept a log of incidents at pipeline construction and construction-related sites in Louisiana and the individuals involved. See attached.
>
> **Request for Production No. 13:**
> All training, guidance, and instruction given to any officers on private detail regarding La. R.S. § 14:61 and protests generally.
>
> **Response to Request for Production No. 13:**
> No such documents have been found.

(R. Doc. 75-2 at 9); (R. Doc. 75-3 at 13). On January 27, 2022, Waversun Guidry provided additional documents responsive to Plaintiffs' discovery.

First, an August 2, 2018 email from Angela Deere (HUB employee) to Waversun Guidry regarding "Basin Activities" was produced. (R. Doc. 75-1 at 6); (R. Doc. 75-6). It included the following attachment: "a five-page document titled 'Basin Recon Report' for the dates July 28, 2018 to August 1, 2018. The 'header' on the document reads, 'Carl Johnson Continued.'" (R. Doc. 75-1 at 6); (R. Doc. 75-7). According to Plaintiffs, "contents of this report fit squarely within Plaintiff's Request for Production No. 12, which sought 'all intelligence reports created and received by SMPSO Individual Defendants'" and "the header stating 'continued'[] demonstrate[s] that it was not the first such report received by SMPSO from HUB." (R. Doc. 75-1 at 6).

After reviewing the Basin Recon Report attached to the August 2, 2018 email, the Court agrees with Plaintiffs — it is responsive to Request for Production No. 12, and it seems likely "that it was not the first such report received by SMPSO from HUB." (R. Doc. 75-1 at 6). Indeed, the

Basin Recon Report describes in detail the "intelligence . . . gathered" daily on "the opposition" — i.e., individuals opposed to the pipeline's construction who remained on-site in protest. (R. Doc. 75-7 at 1, 3). This "intelligence" not only included video surveillance, but details on the physical appearance, location, and activity of various "opposition personnel":

> An opposition male with a reddish beard and possible tattoos on his chest was present in the center platform with the blue tarp. He wore only shorts. During the morning he kept the blue tarp pulled around the platform.

(R. Doc. 75-7 at 1).

> 1018: A male in a blue kayak and two females in a canoe paddled past our position in an easterly direction. Video was obtained. The male could be heard saying something similar to "the pieces falling by me probably wouldn't have hurt, but...." They continued passing without becoming aware of our presence.
>
> 1140: The male in the blue kayak returned to the area. Video was obtained.
>
> 1300: The male in the blue kayak traveled east, past our location.

(R. Doc. 75-7 at 3). The report also mentions "preparations for an upscale protest" being planned by the opposition "before the new law is effective." (R. Doc. 75-7 at 3) (referring to La. R.S. § 14:61 as the "new law"). And so, the Court finds the August 2, 2018 email and its attachment (the Basin Recon Report) are clearly responsive to Request for Production No. 12, which sought intelligence reports concerning protestors.

Finally, the report includes the following title and header:

Carl Johnson Continued

# Basin Recon Report
## 7/29/18 – 8/1/18

(R. Doc. 75-7 at 1). There are multiple entries by Carl Johnson for each day between July 29 and August 1, 2018. (R. Doc. 75-7). It would seem this type of information was gathered daily and that these reports were issued regularly. If that is the case, the Court agrees with Plaintiff that additional responsive documents are likely in the SMPSO Defendants' **possession**, **custody,** or **control**. The Court also finds this information highly relevant, considering Plaintiffs were part of the very "opposition" being surveilled in the report and were arrested only a week after this report was issued. And so,

**IT IS ORDERED** that Plaintiffs' Motion to Compel (R. Doc. 75) is **GRANTED** as to **Request for Production No. 12**. The SMPSO Defendants must **supplement** their Response to Request for Production No. 12 by producing any additional responsive documents within **14 days** of this Order. If no other documents exist, they must supplement their Response accordingly.

Second, Waversun Guidry's January 27, 2022 production included an "email from Angela Deere of Defendant HUB Enterprises to P&P Officers Christy Crochet and Brandon Thompson and also to Waversun Guidry and Terry Guidry of SMPSO." (R. Doc. 75-1 at 7). The email included a "four-page document titled 'Special Detail Post Orders' under HUB Enterprises letterhead, which included directions about responding to protesters, including the newly-amended provisions of La. R.S. 14:61." (R. Doc. 75-1 at 7). Plaintiffs readily admit that the attached document had already been produced in discovery by both HUB and the "P&P Officer Defendants." (R. Doc. 75-1 at 7). Nonetheless, Waversun Guidry's subsequent production was significant because "it evidenced transmission of the Special Detail Post Orders," which instructed officers on responding to protests amid the amendments to Louisiana Revised Statue 14:61, "to Captain Waversun Guidry . . . Terry Guidry." (R. Doc. 75-1 at 7). For this reason, the email was responsive to Request for Production No. 13, which sought any "training, guidance, and instruction

given to any officers on private detail regarding La. R.S. § 14:61 and protests generally." (R. Doc. 75-2 at 9). The Court agrees.

The email, including its attachment, should have been produced by the SMPSO Defendants long before January 27, 2022. Moreover, the SMPSO Defendants' Response to Request for Production No. 13 simply indicated that "[n]o such documents have been *found*." (R. Doc. 75-3 at 13). The record suggests this may be the result of insufficient effort, as opposed to an absence of responsive documents. And so,

**IT IS ORDERED** that Plaintiffs' Motion to Compel (R. Doc. 75) is **GRANTED** as to **Request for Production No. 13**. The SMPSO Defendants must **supplement** their **Response** to Request for Production No. 13 by producing any additional **responsive documents** within **14 days** of this Order. If no other documents exist, the SMPSO Defendants must supplement their Response accordingly.

As a final note, when "responding to Rule 34 discovery requests, a **reasonable inquiry** must be made, and if no responsive documents . . . exist, the responding party should so state with sufficient specificity to allow the Court to determine whether the party made a reasonable inquiry and **exercised due diligence**." *Heller v. City of Dallas*, 303 F.R.D. 466, 485 (N.D. Tex. 2014).

According to the SMPSO Defendants' Opposition, Waversun Guidry found the responsive documents produced on January 27, 2022, while preparing for his deposition the following day. (R. Doc. 85 at 7). The SMPSO Defendants relay this information to suggest "[t]here is no reason to think there are additional documents relevant to this case." (R. Doc. 85 at 6). The Court disagrees.

Instead, Waversun Guidry's discovery during his deposition prep suggests that a thorough search may not have been previously conducted. Again, the SMPSO Defendants' Response to

Request for Production No. 13 was simply that nothing "ha[d] been found." (R. Doc. 75-3 at 13). Under the circumstances, it appears a sufficient effort was not made to locate documents when responding to Plaintiffs' discovery requests.

The Court reminds the SMPSO Defendants of their **obligations** to **diligently search** for all information and documents responsive to Plaintiffs' discovery requests, including Request for Production Nos. 12 and 13, and to **produce** all documents within their **possession**, **custody**, or **control**. The Court further reminds the SMPSO Defendants of "an already **existing duty**," pursuant to Rule 26(e), to **timely supplement** their **disclosures** or **discovery responses** if they learn those disclosures or responses are somehow incomplete. *Heller v. City of Dallas*, 303 F.R.D. 466, 484 (N.D. Tex. 2014).

Signed in Baton Rouge, Louisiana, on July 22, 2022.

_____
**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**