UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| CYNTHIA SPOON, SOPHIA COOK-PHILLIPS, and ERIC MOLL,<br><br>Plaintiffs,<br><br>v.<br><br>BAYOU BRIDGE PIPELINE LLC, et al.,<br><br>Defendants. | Case No. 3:19-cv-00516-SDD-SDJ |

**MEMORANDUM IN SUPPORT OF
PLAINTIFFS' MOTION FOR LEAVE TO SUBPOENA DEPOSITION TESTIMONY
AND PRODUCTION OF DOCUMENTS BY LARRY GORDON**

Plaintiffs move the Court for leave to depose Mr. Larry Gordon. While the Court's *Order Reopening Discovery*[1] limits the depositions Plaintiffs may take, good cause exists to allow the deposition of Mr. Gordon and a subpoena for production of documents as detailed in the following pages.

A. **Factual and Procedural Background**

This suit arises from the arrests of Plaintiffs Cynthia Spoon, Sophia Cook-Phillips, and Eric Moll in a waterway of the Atchafalaya basin on August 9, 2018, while protesting the construction of the Bayou Bridge Pipeline.

Under the previous scheduling order, fact discovery concluded on January 31, 2022. Plaintiffs moved the Court to reopen discovery and to compel the production of certain documents from Defendants Bayou Bridge Pipeline, LLC ("BBP") and the Sheriff of St. Martin

---

[1] R. Doc. 100.

Parish.[2] The Court granted Plaintiffs' motions, ordering BBP to produce the Frontier Integrity Solutions' August 2018 invoice for its work on Spread 3 of Bayou Bridge Pipeline construction,[3] reopening fact discovery through September 30, 2022, and allowing Plaintiffs to take certain additional depositions.[4]

In their First Amended Complaint, Plaintiffs allege that a man identified as "Larry" pointed to the Plaintiffs and instructed Probation and Parole Officers Adams, Barbera, Black, Matherne, Pennington, and Ward to arrest the Plaintiffs.[5] The First Amended Complaint included a still-frame from a video of the arrests, depicting "Larry" in an orange shirt and baseball cap.[6] While none of the parties and witnesses deposed in this case were able to provide Larry's full name, witness Carl Ledet testified he believed that "Larry" was an inspector who Ledet would have called whenever protesters entered an area Ledet believed to be a construction right-of-way.[7]

In its answers to Plaintiffs' interrogatories, BBP stated that it contracted with two companies, Hillard Heintze and Frontier Integrity Solutions ("FIS"), to provide security for construction of the pipeline.[8] In response to requests for production, BBP produced an invoice from FIS for work done on "Spread 1" but did not produce invoices for services provided on "Spread 3"—the area where Plaintiffs were arrested.[9] Plaintiffs sought to compel BBP to

---

[2] R. Doc. 74 (Pls.' Mtn to Compel Prod. Of Document from Defendant Bayou Bridge Pipeline, LLC); R. Doc. 75 (Pls.' Mtn to Compel Complete Answers to Interrogs. and Complete Prod. of Docs. From the Individual SMPSO Defendants, and for Leave to Take Deposition of Witnesses); R. Doc. 81 (Pls.' Mtn to Amend Sched. Order and Reopen Fact Disc.).
[3] R. Doc. 98.
[4] R. Doc. 100.
[5] R. Doc. 28 at 9 ¶ 40.
[6] *Id.*
[7] Ex. 1, Ledet Dep. at 38:18–21 ("We were supposed to—if any protesters come up there we had to call—we had to let the inspector know, and they would call the Chief and all that."); 83:24–84:25 (discussing Ledet's belief that the figure identified as "Larry" was an inspector).
[8] *Id.* at 5; R. Doc. 74-3 at 11.
[9] R. Doc. 74-1 at 5–6; *see, e.g.*, Ex. 2, Cary Farber Dep. 27:11–28:14 (testifying that "Spread 3" was the area of pipeline construction running through the Atchafalaya River Basin).

produce the FIS invoice for Spread 3,[10] and the Court granted the motion, ordering production within seven days.[11]

On July 29, 2022, BBP provided Plaintiffs with 67 pages of invoices for work done on Spread 3 in August 2018. The invoices account for the work of multiple inspectors, including Larry Gordon, who worked in the position of "Utility Inspector 3" on Spread 3 on August 9, 2018—the date of Plaintiffs' arrests.[12] Plaintiffs found that the cell phone and email listed on the FIS invoice for Larry Gordon match those tied to a Larry James Gordon who maintains an address in Southeast Texas. Posts to publicly accessible social media accounts for a Larry Gordon living in the same city in Southeast Texas contain photographs of a man bearing a striking resemblance to the "Larry" depicted in the videos of Plaintiffs' arrests,[13] including a distinctive tattoo on his right forearm.[14]

### B. Legal standard for modifying scheduling order.

Federal Rule of Civil Procedure 16(a)(4) directs that a scheduling order may be modified for good cause. When considering a request to modify the scheduling order to reopen discovery, this Court has relied on a four-factor test as outlined by the Fifth Circuit in weighing other bases for amendments to scheduling orders: "(1) the explanation for the failure to adhere to the deadline at issue; (2) the importance of the proposed modification to the scheduling order; (3) potential prejudice; and (4) the availability of a continuance to cure such prejudice."[15] In *Chisum*, the court reopened discovery where the plaintiff learned that, in the months following

---

[10] R. Doc. 74-1 at 4–6.
[11] R. Doc. 98.
[12] Ex. 3. Defendant Bayou Bridge Pipeline, LLC has designated this document as confidential under the protective order. Plaintiffs move separately to file this document under seal.
[13] *Compare* Ex. 4 at 1 (images of Larry Gordon taken from social media) *with id.* at 2 (still frames of "Larry" taken from videos of Plaintiffs' arrests).
[14] *See* Ex. 5 (depicting a tattoo on the right forearm of Larry Gordon and still-frame from the videos of Plaintiff's arrests showing the right forearm of "Larry")
[15] *Chisum v. Mercedes-Benz USA, LLC*, 534 F. Supp. 3d 608 (M.D. La. 2021) (citing *S&W Enters., LLC v. SouthTrust Bank of Alabama, NA*, 315 F.3d 533, 536 (5th Cir. 2003); *Reliance Ins. Co. v. La. Land & Exploration Co.*, 110 F.3d 253, 257–58 (5th Cir. 1997); *Geiserman v. MacDonald*, 893 F.2d 787, 790–92 (5th Cir. 1990).)

the close of discovery, the National Highway Traffic Safety Administration had opened an investigation into a defective speed sensor on the vehicle that was the subject of the litigation.[16] Similarly, in *Maz Partners LP v. Shear*, the court found good cause to reopen discovery where, after the close of discovery, the plaintiff class in a shareholders' suit discovered a previously undisclosed investigation of Defendants' officers by the Securities and Exchange Commission, documentation of which would have been responsive to their previous requests for production.[17]

### C. Argument

Larry Gordon may possess information highly relevant to Plaintiffs' arrests on August 9, 2018. If he is the figure depicted in the videos of Plaintiffs' arrests, then Larry Gordon appears to have stated that P&P officers needed to make the arrests.[18] A series of questions then arise, including how Gordon had that authority or came to believe he had such authority; how he determined that Plaintiffs had engaged in any criminal behavior; and his relation to and communications with HUB, BBP, and SMPSO. Plaintiffs attempted to identify "Larry" throughout the discovery period, showing the videos of "Larry" to multiple deponents and asking them to identify him.[19] Plaintiffs acted with diligence in trying to identify "Larry." Granting leave for the deposition and production of documents should not require an extension of the current discovery deadline of September 30, 2022. The prejudice to Plaintiffs' claims may be great given the role "Larry" played in the arrests and the likelihood that he possesses further relevant information.

---

[16] *Chisum*, 534 F. Supp. 3d at 612.
[17] *Maz Partners LP v. Shear*, 208 F. Supp. 3d 384 (D. Mass. 2016).
[18] *See* Ex. 9 to *Plaintiffs' Motion to Defer Consideration of Defendant HUB Enterprises, Inc.'s Motion for Summary Judgment*, R. Doc. 104
[19] *See, e.g.*, Ex. 1, Ledet Dep. at 83:24–84:25; Ex. 6, Adams Dep. at 81:16–82:14; Ex. 7, Barbera Dep. at 91:9–20; Ex. 8, Black Dep. at 129:11–130:16; Ex. 9, Guidry Dep. at 142:6–23; Ex. 10, Matherne Dep. at 130:6–132:2; Ex. 11, Pennington Dep. at 104:19–24, 105:1–24; Ex. 12, Ward Dep. at 100:14–24; Ex. 13, Winch Dep. at 131:2–8.

In addition to Mr. Gordon's deposition, Plaintiffs seek leave to subpoena him to produce all documents, emails or text messages in his possession, custody or control from August 1 through August 31, 2018, relating to individuals protesting the construction of the pipeline. Given this narrow inquiry, the requested subpoena is directly relevant to the determination of the person(s) or entit(ies) providing direction for the arrest of the Plaintiffs on August 9, 2018.

### D.  CONCLUSION

For the foregoing reasons, Plaintiffs request leave to subpoena Larry Gordon for deposition and production of documents.

Respectfully submitted,

/s/ James W. Craig
James W. Craig, La. Bar No. 33687
Emily M. Washington, La. Bar No. 34143
Eric A. Foley, La. Bar No. 34199

Roderick & Solange MacArthur Justice Center
4400 S. Carrollton Ave.
New Orleans, LA 70119
(504) 620-2259 (p)
(504) 208-3133 (f)

jim.craig@macarthurjustice.org
emily.washington@macarthurjustice.org
eric.foley@macarthurjustice.org

*Attorneys for Plaintiffs*