UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**CYNTHIA SPOON, et al.**                                **CIVIL ACTION**

**VERSUS**                                               **NO. 19-516-SDD-SDJ**

**BAYOU BRIDGE**
**PIPELINE, LLC, et al.**

## ORDER

Before the Court is Plaintiffs' Sealed Motion for Leave (R. Doc. 107) to file under seal Exhibit 3 (R. Doc. 107-1) to Plaintiffs' Motion for Leave to Subpoena (R. Doc. 106) discovery from a non-party. In support of the current Motion (R. Doc. 107), Plaintiffs simply state that Exhibit 3 should be filed under seal because it has been "designated as 'confidential' by Defendant Bayou Bridge Pipeline, LLC under the standing protective order [(R. Doc. 69)] in this case." (R. Doc. 107 at 1). This is not enough.

Documents are not subject to being filed under seal simply because they fall within the scope of a protective order. *See Trans Tool, LLC v. All State Gear Inc.*, 2022 WL 608945, at *5 (W.D. Tex. Mar. 1, 2022) ("protective orders like the agreed one entered in this case do not justify sealing documents merely because they are within the scope of the protective order").

Any party moving to file a document under seal has the burden to overcome the strong presumption favoring public access. *BP Expl. & Prod., Inc. v. Claimant ID 100246928*, 920 F.3d 209, 211 (5th Cir. 2019). They "must explain in particularity the necessity for sealing." *Id*. "And this may require them to address the submitted sealed documents on the same line-by-line basis that the courts must ultimately apply." *Trans Tool, LLC v. All State Gear Inc.*, 2022 WL 608945,

at *6 (W.D. Tex. Mar. 1, 2022) ("it is certainly within a court's discretion to summarily deny a request to seal when it is apparent that the submitter has not conducted its own document-by-document, line-by-line review."); *see also June Med. Servs., LLC v. Phillips*, 22 F.4th 512, 521 (5th Cir. 2022) (sealing requirements are "far more arduous" than merely obtaining a protective order on good cause shown).[1]

Because Plaintiffs have not explained in particularity the necessity for sealing Exhibit 3 (R. Doc. 107-1),

**IT IS ORDERED** that Plaintiffs' Sealed Motion for Leave (R. Doc. 107) is **DENIED** for lack of good cause.

But to be clear, although the Court denies Plaintiffs' request to file the document designated as Exhibit 3 (R. Doc. 107-1) under seal, Exhibit 3 is **not being filed** in the record as an unsealed document, or in any form. If Plaintiffs still wish to present Exhibit 3 for consideration in connection with their Motion for Leave to Subpoena (R. Doc. 106), they may again seek leave to file Exhibit 3 as an unredacted document, as a redacted document (omitting information deemed confidential), or under seal, bearing in mind the legal standards outlined in this Order.

Signed in Baton Rouge, Louisiana, on August 23, 2022.

*/s/ Scott D. Johnson*
_____
**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

---

[1] Only limited circumstances warrant filing documents under seal. Motions to seal are "heavily disfavor[ed]." *June Medical Servs., LLC v. Phillips*, 22 F.4th 512, 519 (5th Cir. 2022). And parties are expected to draft sealing motions in a way that does not disclose confidential information. And redaction is strongly urged as a viable alternative to sealing.