UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| CYNTHIA SPOON, SOPHIA COOK-PHILLIPS, AND ERIC MOLL<br>　　　　　　　　*Plaintiffs*,<br><br>　　vs.<br><br>BAYOU BRIDGE PIPELINE LLC, HUB ENTERPRISES, INC., P&P OFFICER HERMAN MATHERNE, P&P OFFICER MARK WARD, P&P OFFICER JON BARBERA, P&P OFFICER HEATHER M. PENNINGTON, P&P OFFICER DOUGLAS BLACK, P&P OFFICER ANGELA ADAMS, SHERIFF RONALD THERIOT, DEPUTY SHARAY ARABIE, DEPUTY STACEY BLANCHARD, DEPUTY TROY DUPUIS, DEPUTY GABE GAUTHIER, DEPUTY WAVERSUN GUIDRY, DEPUTY NORRIS HUVAL, AND DEPUTY CHRIS MARTIN,<br>　　　　　　　　*Defendants*. | CIVIL ACTION<br><br>NO. 19-516-SDD-SDJ<br><br>JUDGE SHELLY D. DICK<br><br>MAGISTRATE SCOTT D. JOHNSON |

**BAYOU BRIDGE PIPELINE LLC'S MEMORANDUM IN OPPOSITION TO PLAINTIFFS' SECOND MOTION TO COMPEL PRODUCTION OF DOCUMENTS FROM DEFENDANT BAYOU BRIDGE PIPELINE, LLC**

　　Plaintiffs' motion to compel is a glaring overreach to try and obtain documents which are undisputedly communications between Bayou Bridge Pipeline, LLC's employees and in-house counsel in preparation for the filing of a temporary restraining order against the Plaintiffs. The Plaintiffs know this because they have presented the Court with actual copies of two non-privileged communications in the otherwise-privileged email chains, with these copies evidencing the participants and their connection to the TRO. There is no doubt that these documents are protected by the attorney-client privilege.

　　Undersigned counsel carefully evaluated potentially-privileged materials, including the documents listed on the Privilege Log. Undersigned counsel was not aware of the documents listed on the Privilege Log, or the documents it produced in conjunction with the Privilege Log,

1

#100689179v1

when it produced its December 3, 2021 written discovery responses. It therefore could not have waived privilege over these documents when it provided the December 3, 2021 discovery responses. Furthermore, Bayou Bridge's careful privilege analysis is documented by its production of non-privileged documents sent to or copied in-house counsel, which were produced based on the determination that they did not meet the attorney-client privilege requirements.

Bayou Bridge also carefully and properly provided each required category of information on its Privilege Log to satisfy the Federal Rules of Civil Procedure and this Court's Local Rules. Viewing together all of the information provided for each document, Bayou Bridge has satisfied the requirement that it present the nature of each document on the Privilege Log.

Plaintiffs' counsel's remaining petty and misleading jabs, including their reference to Plaintiffs' first motion to compel, should be ignored by the Court, as their only purpose is to distract from the fact that Plaintiffs' motion to compel is unsubstantiated and should be denied.

## I.   BACKGROUND

Plaintiffs' Request for Production No. 8 seeks "[a]ll communications, including emails and text messages, regarding Cynthia Spoon, Sophia Cook-Phillips, and Eric Moll or their arrests."[1] The Plaintiffs made this and their other requests expressly subject to Instruction No. 4, which states "[t]he relevant time period encompassed by these interrogatories is Aug. 9, 2018, unless otherwise indicated expressly or by the context of the question or request."[2]

Bayou Bridge provided its initial written responses to the Plaintiffs' discovery requests on December 3, 2021.[3] Bayou Bridge provided its primary document production a few days later, on

---

[1] Doc. 116-3, p. 7 (Plaintiffs' First Set of Interrogatories and Requests for Production of Documents to Defendant Bayou Bridge Pipeline).
[2] Doc. 116-3, p. 4 (Plaintiffs' First Set of Interrogatories and Requests for Production of Documents to Defendant Bayou Bridge Pipeline).
[3] Plaintiffs also reference a newer iteration of Bayou Bridge's written discovery responses, provided on August 26, 2022 solely to correct a typographical error in an interrogatory response. Doc. 116-8. The contents of the August 26,

2

December 8, 2021.[4] The production included certain documents that were sent to or copied Bayou Bridge's in-house counsel—Keegan Pieper—which were produced based on the determination that the documents did not meet the attorney-client privilege's subject matter requirements.[5]

Unbeknownst to undersigned counsel, a set of documents was inadvertently segregated by a third-party vendor from the rest of the documents collected in response to the Plaintiffs' discovery requests. Undersigned counsel was unaware of these segregated documents when Bayou Bridge provided its December 3, 2021 discovery responses. After undersigned counsel became aware of the documents' existence, undersigned counsel evaluated them, prepared the unprotected documents for production, prepared a privilege log describing the privileged documents, and produced the Privilege Log and unprotected documents.

Bayou Bridge produced the Privilege Log on August 24, 2022.[6] The Privilege Log includes thirty documents, all of which are communications with in-house or outside counsel, or attachments thereto.[7] Each document is described with the following identifying information: log number; date; type of document; email subject; sender; recipient; CC; file name; privilege type; and description of the document subject to the privilege.[8] Bayou Bridge produced non-privileged documents contained in the previously-segregated set of documents on September 1, 2022, including two communications sent to recipient Keegan Pieper, Bayou Bridge's in-house counsel.[9]

---

2022 written discovery responses are irrelevant to the current inquiry, as the Plaintiffs had Bayou Bridge's Privilege Log by that time and were aware of its contents.

[4] Doc. 116-6 (G. Addison Dec. 8, 2021 email transmitting document production link).
[5] *See, e.g.*, Doc. 116-8 (emails attached to Plaintiffs' Second Motion to Compel).
[6] Doc. 116-15 (G. Addison Aug. 24, 2022 email transmitting Privilege Log).
[7] Bayou Bridge August 24, 2022 Privilege Log, attached hereto as Exhibit A.
[8] *Id.*
[9] Doc. 116-24 (August 14, 2018, 12:23 PM email by Russell L Sweeney to Cary J. Farber, Rodney Winch, Nathan Hunt of Hillard Heintze, CC: Keegan Pieper, Subject: ARB – Opposition Activities on Thursday August 9 2018); Doc. 116-23 (August 9, 2018, 1:50 PM email by Russell L Sweeney to Keegan Pieper, Subject: SO arrrests this morning).

The two communications are both emails, with one as the parent email and the other email being an attachment to it.[10] They show the sender, recipients, and persons copied, and include an attachment (in the case of the parent email) and text (in the case of the attached email) providing information to be used in a subsequently-filed and granted temporary restraining order against the Plaintiffs in the 16th Judicial District Court for St. Martin Parish (the "TRO").[11]

After receiving the Privilege Log, Plaintiffs' counsel requested bates numbers for the documents listed on the Privilege Log, as well as information about the requests to which the documents were responsive.[12] Bayou Bridge notified Plaintiffs' counsel the documents were responsive to RFP No. 8, and provided a revised Privilege Log to Plaintiffs' counsel listing the number of pages in each document.[13] Undersigned counsel believed Plaintiffs' counsel asked for bates numbers in order to determine the length of the documents, but concluded bates numbering the documents would create confusion about whether the documents had been produced and whether the parties were missing a production.[14]

Plaintiffs' counsel subsequently requested a discovery conference regarding the Privilege Log, but gave no indication of any specific concerns.[15] After responding to undersigned counsel's request for details of Plaintiffs' specific concerns, the parties participated in a discovery conference on September 21, 2022.[16] The parties discussed each of Plaintiffs' arguments in their motion with regard to the first fourteen items listed on Bayou Bridge's Privilege Log (the "Privileged

---

[10] *Id.*

[11] *Id.* Documentation regarding the TRO has been previously filed into the record as Doc. 87-1 (Motion to Continue Preliminary Injunction Hearing Set for September 28, 2018 and for Extension of Temporary Restraining Order against Defendants including Cynthia Spoon, Sophia Cook-Phillips, and Eric Moll).

[12] Doc. 116-20 (E. Washington Aug. 25, 2022 Email).

[13] Doc. 116-20 (G. Addison Sept. 6, 2022 Email with information and Privilege Log containing page totals). The Privilege Log containing page totals is attached hereto as Exhibit B.

[14] Doc. 116-20 (G. Addison Sept. 6, 2022 Email with information and Privilege Log containing page totals).

[15] Doc. 116-22 (E. Foley Sept. 15, 2022 Email).

[16] Doc. 116-22 (E. Foley Sept. 19, 2022 Email and subsequent emails).

Materials"), as well as almost all of Bayou Bridge's responses included herein. During the conference, undersigned counsel represented to Plaintiffs' counsel that it was unaware of the Privileged Materials when Bayou Bridge provided its December 3, 2021 discovery responses. Plaintiffs filed their motion to compel on September 30, 2022.

## II. LEGAL STANDARD

### a. The Attorney-Client Privilege is Necessary for the Candid Communication between Client and Lawyer that Leads to Effective Representation

"The lawyer-client privilege rests on the need for the advocate and counselor to know all that relates to the client's reasons for seeking representation if the professional mission is to be carried out."[17] The Supreme Court has "recognized the purpose of the privilege to be to encourage clients to make full disclosure to their attorneys."[18] "A lawyer should be fully informed of all the facts of the matter he is handling in order for his client to obtain the full advantage of our legal system."[19] "Although an expansive application of the attorney-client privilege to corporations may impose severe burdens on discovery and create a broad 'zone of silence' over corporate affairs, effective representation by counsel 'depends upon the lawyer being fully informed by the client.'"[20]

### b. Privileged Materials are not within the Scope of Discovery

Federal Rule of Civil Procedure 26(b)(1) provides that:

Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any ***nonprivileged*** matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or

---

[17] *Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981).
[18] *Id.*
[19] *Id.* at 391.
[20] *Delahoussaye v. Mb Indus.*, 2009 U.S. Dist. LEXIS 146404, at *6 (W.D. La. Mar. 31, 2009), quoting *Upjohn Co.*, 449 U.S. at 389.

expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.[21]

Rule 34(a)(1) permits a party to make a request for production of documents "***within the scope of Rule 26(b)***."[22] While the discovery rules are accorded broad and liberal treatment to achieve their purpose of adequately informing litigants in civil trials, discovery does have "ultimate and necessary boundaries."[23] These limits "*mandate*[] that the Court limit the frequency or extent of discovery otherwise allowed, if it determines: . . . the proposed discovery is outside the scope permitted by Rule 26(b)(1)."[24] Requests for "all communications" are facially "overbroad," casting such a wide net that they seek materials "protected by attorney-client privilege."[25]

Rule 26's restriction of discovery to exclude privileged materials serves the foundational principles of the attorney-client privilege, as "[d]iscovery was hardly intended to enable a learned profession to perform its functions on wits borrowed from the adversary."[26]

### c. Federal Rule 26 and Local Civil Rule 26 Govern the Content of Privilege Logs

When a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must:

> (i) expressly make the claim; and
>
> (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.[27]

---

[21] Fed. R. Civ. P. 26(b)(1) (emphasis added).
[22] Fed. R. Civ. P. 34(a) (emphasis added).
[23] *Hsieh v. Apache Deepwater, LLC*, 2021 U.S. Dist. LEXIS 149010, at *15 (M.D. La. Aug. 9, 2021).
[24] *Id.* at *16-17 (emphasis in original).
[25] *Regan-Touhy v. Walgreen Co.*, 526 F.3d 641, 649 (10th Cir. 2008); *see Rotstain v. Trustmark Nat'l Bank*, 2020 U.S. Dist. LEXIS 208327, at *24 (N.D. Tex. Nov. 6, 2020) (holding requests for all document and communications, regardless of subject matter, and not limited to the claims and defenses in the action, are overbroad).
[26] *Upjohn Co.*, 449 U.S. at 396.
[27] Fed. R. Civ. P. 26(b)(5)(A).

This Court's Local Civil Rule 26(c) provides:

> A party withholding information claimed privileged or otherwise protected must submit a privilege log that contains at least the following information: name of the document, electronically stored information, or tangible things; description of the document, electronically stored information, or tangible thing, which description must include each requisite element of the privilege or protection asserted; date; author(s); recipient(s); and nature of the privilege.

### III. AUTHORITY AND ANALYSIS

#### A. The Privileged Materials are Undisputedly Communications Between Bayou Bridge's Employees and In-House Counsel in Preparation for the Filing of a Temporary Restraining Order Against the Plaintiffs

##### i. It is Undisputed that the Documents in Question are All Communications Between Bayou Bridge's Employees and In-House Counsel

Plaintiffs admit each of the Privileged Materials is a communication to or from Bayou Bridge's in-house counsel, Keegan Pieper.[28] Plaintiffs do not dispute that the corresponding senders and recipients are Bayou Bridge employees.

Consequently, the sole issue is whether the Privileged Materials sought to secure primarily either: (i) an opinion on law; (ii) legal services; or (iii) assistance in some legal proceeding.[29]

##### ii. It is Undisputed that the Documents in Question All Involve Assistance with Legal Proceedings—the TRO Obtained Against the Plaintiffs

By itself, the Plaintiffs' Motion demonstrates the Privileged Materials were for the purpose of securing assistance in a legal proceeding—the temporary restraining order that Bayou Bridge actually obtained against the Plaintiffs. Plaintiffs attach and copy into their actual motion an email in the "SO arrrests this morning" email chain, which expressly states the information being provided to in-house counsel by Bayou Bridge's Senior Director of Security is to be used in obtaining a "TRO"—a temporary restraining order.[30] It states:

---

[28] Plaintiffs' Memorandum in Support of Second Motion to Compel, pp. 3-4.

[29] Plaintiffs' Memorandum in Support of Second Motion to Compel, p. 10.

[30] Plaintiffs' Memorandum in Support of Second Motion to Compel, p. 13; Doc. 116-23 (August 9, 2018, 1:50 PM email by Russell L Sweeney to Keegan Pieper, Subject: SO arrrests this morning).

> Keegan
> The below list of persons were arrested this morning for interfering with our construction teams near the ROW in St Martins Parish. Sheriff would like us to get a TRO on these people so that they can serve them. They were charged with felonies under the new law and held on $10000 bail.
> Russ
>
> From the SO
>
> Eric Moll
> ███88
> Tx
> 214 south fredonia st apt 11
> Nacogdoches 79561
>
> Cynthia Spoon
> ███90
> Tx
> 1700 willowood
> Denton T4 76205
>
> Sophia Cookphillips
> ███96
> Ca
> 1005 singingwood rd
> Sacramento ca 95864                                                                 [31]

Bayou Bridge used this information to obtain a TRO against the Plaintiffs, and the documentation of that TRO has been produced in this case.[32]

All of the emails in the "SO arrrests this morning" email chain involve the provision of information for use in obtaining the TRO—a legal proceeding—and are therefore covered by the attorney-client privilege. The same is true for the remainder of the Privileged Materials, all of which are within the "ARB – Opposition Activities on Thursday August 9 2018" email chain. This too is demonstrated by the Plaintiffs' Motion, which attaches the email in the "ARB – Opposition Activities on Thursday August 9 2018" email chain to which the "SO arrrests this morning" email

---

[31] Doc. 116-23 (August 9, 2018, 1:50 PM email by Russell L Sweeney to Keegan Pieper, Subject: SO arrrests this morning).

[32] Doc. 87-1 (Motion to Continue Preliminary Injunction Hearing Set for September 28, 2018 and for Extension of Temporary Restraining Order against Defendants including Cynthia Spoon, Sophia Cook-Phillips, and Eric Moll).

8

above was attached, seeking the identities of the Plaintiffs to be used in obtaining the TRO.[33] As shown by the Plaintiffs' own motion and the exhibits thereto, each of the Privileged Materials involved provision of information for use in a legal proceeding.

That Bayou Bridge's Senior Director of Security provided information to in-house counsel for use in the TRO, rather than merely requesting assistance, does nothing to remove these communications from the scope of the attorney-client privilege. "[T]he privilege exists to protect not only the giving of professional advice to those who can act on it but also the giving of information to the lawyer to enable him to give sound and informed advice."[34]

### 1. The Descriptions in Bayou Bridge's Privilege Log are Immaterial, Given that the Plaintiffs Have Actual Documentation Demonstrating the Privileged Materials are Protected

The Plaintiffs have actual documents in their possession demonstrating the protected nature of the Privileged Materials, because the two documents described above were forwarded to a third party and therefore properly produced by Bayou Bridge. Because the Plaintiffs have these documents, they can tell for themselves that the documents described on Bayou Bridge's Privilege Log contain attorney-client communications in furtherance of Bayou Bridge's TRO, so the adequacy of the Privilege Log document descriptions is immaterial. Regardless, Bayou Bridge's Privilege Log satisfies both the Federal and Local Rules in providing sufficient information about the nature the Privileged Materials by providing the date, email subject, file name, sender, recipient, CC, and a description of the document.[35]

Federal Rule 26(b)(5)(A)(ii) requires a description of the nature of withheld documents, and this Court's Local Rules for privilege logs require the "name of the document . . . ; description

---

[33] Doc. 116-24 (August 14, 2018, 12:23 PM email by Russell L Sweeney to Cary J. Farber, Rodney Winch, Nathan Hunt of Hillard Heintze, CC: Keegan Pieper, Subject: ARB – Opposition Activities on Thursday August 9 2018).
[34] *Upjohn Co.*, 449 U.S. at 390.
[35] Bayou Bridge's Privilege Log Containing Page Totals, attached hereto as Exhibit B.

of the document . . . ; date; author(s); recipient(s); and nature of the privilege."[36]  The description of the nature of the document or communications must be in a manner not "revealing information itself privileged or protected."[37]  This means to "describe the document's subject matter."[38]  The Cambridge Dictionary defines the "subject line" as "the space at the top of an email in which a line of text is written that **tells you what the email is about**, or the line of text itself."[39]

Bayou Bridge's Privilege Log includes all required categories of information, most notably the email subject, file name, sender, recipient, CC, and a description of the document.  Viewed together, these categories show the following information:

| Parent Email Subject | Sender | Sender SMTP | To SMTP | CC SMTP | Ori File Name | Log Description |
|---|---|---|---|---|---|---|
| SO arrrests this morning | SWEENEY, RUSSELL | RUSSELL.SWEENEY@energytransfer.com | Keegan.Pieper@energytransfer.com | | | Attorney-client communication regarding legal matters. |
| RE: SO arrrests this morning | Pieper, Keegan | Keegan.Pieper@energytransfer.com | RUSSELL.SWEENEY@energytransfer.com | | | Attorney-client communication regarding legal matters. |
| RE: SO arrrests this morning | SWEENEY, RUSSELL | RUSSELL.SWEENEY@energytransfer.com | Keegan.Pieper@energytransfer.com | | | Attorney-client communication regarding legal matters. |
| RE: SO arrrests this morning | Pieper, Keegan | Keegan.Pieper@energytransfer.com | RUSSELL.SWEENEY@energytransfer.com | | | Attorney-client communication regarding legal matters. |
| RE: SO arrrests this morning | SWEENEY, RUSSELL | RUSSELL.SWEENEY@energytransfer.com | Keegan.Pieper@energytransfer.com | | | Attorney-client communication regarding legal matters. |
| RE: SO arrrests this morning | Pieper, Keegan | Keegan.Pieper@energytransfer.com | RUSSELL.SWEENEY@energytransfer.com | | | Attorney-client communication regarding legal matters. |
| RE: SO arrrests this morning | SWEENEY, RUSSELL | RUSSELL.SWEENEY@energytransfer.com | Keegan.Pieper@energytransfer.com | | | Attorney-client communication regarding legal matters. |
| RE: SO arrrests this morning | SWEENEY, RUSSELL | RUSSELL.SWEENEY@energytransfer.com | Keegan.Pieper@energytransfer.com | | | Attorney-client communication regarding legal matters. |

---

[36] Local Civil Rule 26(c).
[37] Fed. R. Civ. P. 26(b)(5)(A)(ii).
[38] *La. CNI, LLC v. Landmark Am. Ins. Co.*, 2006 U.S. Dist. LEXIS 104163, at *17 (M.D. La. Oct. 18, 2006).
[39] *Subject Line Definition*, CAMBRIDGE DICTIONARY, https://dictionary.cambridge.org/us/dictionary/english/subject-line (last visited October 18, 2022) (emphasis added).

| | | | | | | |
|---|---|---|---|---|---|---|
| FW: ARB - Opposition Activities on Thursday August 9 2018 | SWEENEY, RUSSELL | RUSSELL.SWEENEY @energytransfer.com | Keegan.Pieper @energytransfer.com | | | Attorney-client communication regarding legal matters. |
| RE: ARB - Opposition Activities on Thursday August 9 2018 | Taliaferro, Kevin | Kevin.Taliaferro@energytransfer.com | Keegan.Pieper @energytransfer.com | RUSSELL.SWEENEY@ energytransfer.com; Cary.Farber @energytransfer.com | | Attorney-client communication regarding legal matters. |
| | Taliaferro, Kevin | Kevin.Taliaferro@energytransfer.com | | | Area of Incident00001.JPG | Attachment to attorney-client communication, providing information to attorney for potential use in litigation. |
| | Taliaferro, Kevin | Kevin.Taliaferro@energytransfer.com | | | State of Louisiana - LA-SM-6704 - North00002.pdf | Attachment to attorney-client communication, providing information to attorney for potential use in litigation. |
| | Taliaferro, Kevin | Kevin.Taliaferro@energytransfer.com | | | State of Louisiana - LA-SM-6704 - Middle00003.pdf | Attachment to attorney-client communication, providing information to attorney for potential use in litigation. |
| | Taliaferro, Kevin | Kevin.Taliaferro@energytransfer.com | | | State of Louisiana - LA-SM-6704 - South00004.pdf | Attachment to attorney-client communication, providing information to attorney for potential use in litigation. |

The email subject and file name do exactly as the Cambridge Dictionary describes—telling what the email or document is about. By itself, this is sufficient to tell the nature of the document. Viewed together with the names of the sender, recipients, and CC, along with the date, a viewer of the Privilege Log is even better informed about the nature of the document and able to assess the privilege claim. Finally, the description, which could not provide any additional information without "revealing information itself privileged," confirms that the emails and documents involve legal matters and information for potential use in litigation. It is immaterial that the description

11

#100689179v1

by itself is not comprehensive, as the nature of the emails and documents is sufficiently described by each piece of information in the Privilege Log, taken together.[40]

Bayou Bridge has satisfied its burden in demonstrating privilege, so there is no basis to require Bayou Bridge to produce the Privileged Materials. Similarly, because the Plaintiffs are adequately informed of the subject matter of the Privileged Materials, there is no need for Bayou Bridge to add any additional information to the Privilege Log. However, should the Court determine any document is inadequately described on the Privilege Log, Bayou Bridge requests that the Court take the reasonable measure of requiring supplemental privilege log descriptions, rather than the harsh and punitive measure of compelling production.[41]

### iii. Undersigned Counsel Carefully Evaluated Which Documents Meet the Requirements for Privilege, Which is Why Certain Communications with In-House Counsel Were Not Withheld

Although irrelevant since Bayou Bridge has satisfied its burden in demonstrating application of the attorney-client privilege to the Privileged Materials, Plaintiffs' argument about Bayou Bridge's production of other emails including Keegan Pieper only proves undersigned counsel carefully analyzed communications including in-house counsel and only withheld those subject to the attorney-client privilege. Bayou Bridge produced certain documents to or CC'ing Mr. Pieper after properly analyzing whether the documents met the attorney-client privilege's

---

[40] Each privilege log item need not conform rigidly to the rules, so long as the log as a whole demonstrates the nature of the documents. *See United States ex rel. Hockaday v. Athens Orthopedic Clinic*, 2021 U.S. Dist. LEXIS 206970, at *14 (M.D. Ga. Oct. 27, 2021) ("Defendants' description of the emails that actually were included on the privilege log is sufficient because the privilege log along with Defendants' subsequent clarification of its description adequately describes the nature of each email, even though the privilege log does not include the subject line for each email.").

[41] *See Crom, LLC v. Preload, LLC*, 2017 U.S. Dist. LEXIS 85071, at *4 (N.D. Fla. June 2, 2017) (requiring updated privilege log when original log did not include the specific documents being withheld, the date created, the type of communication, the person who generated the document, to whom the document was disseminated, and a general description of the communication's subject matter); *Mayfield v. Orozco*, 2016 U.S. Dist. LEXIS 86258, at *9 (E.D. Cal. July 1, 2016) (ordering supplementation of privilege log when log contained no description or general subject matter of communications).

#100689179v1

requirements.[42] Determining the documents did not meet the privilege requirements, Bayou Bridge produced them.[43] This includes communications referencing the Plaintiffs' arrests.[44]

Bayou Bridge performed the same careful analysis of the documents inadvertently segregated by the third-party vendor. In conjunction with its Privilege Log, Bayou Bridge produced documents from that set which it determined not to be privileged.[45] This includes two of the "SO arrrests this morning" and "ARB – Opposition Activities on Thursday August 9 2018" emails which were sent to or copied Mr. Pieper.[46] After careful analysis, Bayou Bridge produced these two emails because they were originally sent to a third party.[47] Bayou Bridge conversely withheld the documents in the set which were subject to the attorney-client privileged, listing them on its Privilege Log. This demonstrates Bayou Bridge's careful privilege analysis, which led to it withholding privileged materials and producing non-privileged materials. Plaintiffs gloss over Bayou Bridge's September 1, 2022 production, as it directly contradicts the Plaintiffs' argument that Bayou Bridge performed a blanket or improper privilege analysis, and demonstrates Bayou Bridge properly designated the Privileged Materials as subject to the attorney-client privilege.

### iv. The Plaintiffs Did Not Legitimately Request All of These Documents, But Bayou Bridge Listed Them in Good Faith

The Plaintiffs are seeking to have the Court compel production of documents they did not even request, as they only requested communications for a single date. It is elementary that Bayou

---

[42] Doc. 116-8 (Exhibit 6 to Plaintiffs' Memorandum in Support of Second Motion to Compel).
[43] *Id.*
[44] Doc. 116-8 (Exhibit 6 to Plaintiffs' Memorandum in Support of Second Motion to Compel, BBP 1755-61, 1762-64, 1765-72, 1773-80, 1781-88).
[45] Doc. 116-25 (G. Addison Sept. 1, 2022 Email with Link to Supplemental Document Production).
[46] Doc. 116-24 (August 14, 2018, 12:23 PM email by Russell L Sweeney to Cary J. Farber, Rodney Winch, Nathan Hunt of Hillard Heintze, CC: Keegan Pieper, Subject: ARB – Opposition Activities on Thursday August 9 2018); Doc. 116-23 (August 9, 2018, 1:50 PM email by Russell L Sweeney to Keegan Pieper, Subject: SO arrrests this morning).
[47] *Id.*

Bridge is not required to produce documents that are not responsive to the Plaintiffs' requests.[48] Plaintiffs' RFP No. 8 seeks "[a]ll communications, including emails and text messages, regarding Cynthia Spoon, Sophia Cook-Phillips, and Eric Moll or their arrests."[49] The Plaintiffs made this and their other requests expressly subject to Instruction No. 4, which states "[t]he relevant time period encompassed by these interrogatories is Aug. 9, 2018, unless otherwise indicated expressly or by the context of the question or request."[50] RFP 8 does not indicate a date or timeframe, expressly or otherwise.[51] A plain reading of RFP 8, in conjunction with Instruction No. 4, is that it seeks all communications regarding the Plaintiffs on August 9, 2018. Even if the Plaintiffs get the benefit of the doubt, which they should not, the timeframe of RFP 8 is unclear.

Despite the Plaintiffs only seeking communications about themselves from the day of August 9, 2018, Bayou Bridge produced a vast number of documents with other dates. Bayou Bridge did this in good faith, even though the Plaintiffs did not properly request them. Bayou Bridge produced these documents subject to its objections, due to RFP 8's objectionable nature (and the objectionable nature of Plaintiffs' other requests), and Bayou Bridge's need to preserve its objections. Otherwise, Bayou Bridge could not have produced many of the documents given to Plaintiffs.[52] Similarly, document numbers 8 through 14 on the Privilege Log have dates other

---

[48] *Lafleur v. Leglue*, 2017 U.S. Dist. LEXIS 106551, at *20-21 (M.D. La. July 10, 2017); *Deal v. Louisiana*, 2013 U.S. Dist. LEXIS 122504, at *20 (M.D. La. Aug. 28, 2013).

[49] Doc. 116-3, p. 7 (Plaintiffs' First Set of Interrogatories and Requests for Production of Documents to Defendant Bayou Bridge Pipeline).

[50] Doc. 116-3, p. 4 (Plaintiffs' First Set of Interrogatories and Requests for Production of Documents to Defendant Bayou Bridge Pipeline).

[51] Doc. 116-3, p. 7 (Plaintiffs' First Set of Interrogatories and Requests for Production of Documents to Defendant Bayou Bridge Pipeline).

[52] The Plaintiffs' complaints about Bayou Bridge producing documents subject to its objections are an example of Plaintiffs' use of double standards. Many of the Plaintiffs' responses to Bayou Bridge's discovery requests are "subject to and without waiving" objections. Exhibit C, Cynthia Spoon Discovery Responses, General Objections and Responses to Interrogatory Nos. 2, 3, 4, 7, 8, and 9 and Request for Production Nos. 7, 8, 12, 13, 15, 16, 17, and 20; Exhibit C, Sophia Cook-Phillips' Discovery Responses, General Objections and Responses to Interrogatory Nos. 2, 3, 4, 8, and 9 and Request for Production Nos. 6, 7, 8, 9, 12, 13, 15, 16, 17, 19, and 20; Eric Moll's Responses to Bayou Bridge Pipeline LLC's First Set of Interrogatories and Requests for Production, attached hereto as Exhibit D,

14

than August 9, 2018 and therefore do not fall within RFP 8, but Bayou Bridge listed them anyway, in good faith. Despite Bayou Bridge's good faith and production of numerous documents not properly requested by the Plaintiffs, the Plaintiffs now try to overreach and obtain even more documents they are not entitled to. The Plaintiffs should not be rewarded for their overreach to obtain privileged documents they did not even request.

     **B.**     **Bayou Bridge Cannot Have Waived the Attorney-Client Privilege Over Documents it was Unaware of When it Provided its December 3, 2021 Discovery Responses, and the Plaintiffs Provide No Authority to the Contrary**

"*No one can be said to have waived that which he does not know*."

The Plaintiffs' waiver argument centers on the red herring of Bayou Bridge's December 3, 2021 discovery responses failing to describe any specific documents withheld as privileged. This fact is irrelevant, and cannot be the basis for waiver of the attorney-client privilege, because undersigned counsel was unaware of the existence of the Privileged Materials when it provided its December 3, 2021 discovery responses.

    The documents contained in Bayou Bridge's Privilege Log were inadvertently segregated by a third-party vendor from the rest of the potentially-responsive documents collected in response to the Plaintiffs' discovery requests. This occurred without undersigned counsel's knowledge. After undersigned counsel became aware of the documents' existence, undersigned counsel evaluated them, prepared the unprotected documents for production, prepared a privilege log describing the privileged documents, and produced the privilege log and unprotected documents. "*No one can be said to have waived that which he does not know*."[53] Undersigned counsel was

---

General Objections and Responses to Interrogatory Nos. 1, 2, 3, 4, 7, 8, and 9 and Request for Production Nos. 7, 8, 11, 12, 13, 15, 16, 17, and 20.
[53] *In re T. E. Mercer Trucking Co.*, 16 B.R. 176, 187 (Bankr. N.D. Tex. 1981) (emphasis added).

unaware of the Privileged Materials when it provided its December 3, 2021 discovery responses, so it could not have waived the right to assert the attorney-client privilege over them.[54]

### i. Bayou Bridge Properly Objected to RFP No. 8, Even Though Undersigned Counsel was Unaware of the Privileged Materials' Existence

Just as the Plaintiffs' waiver argument fails factually, it fails legally. The Plaintiffs do not cite a single authority that supports their waiver argument or that would call for the Court to hold a waiver occurred based on written discovery responses produced prior to counsel becoming aware of privileged materials. Unlike in the cases cited by the Plaintiffs, which do not address our factual scenario, Bayou Bridge did not utilize a blanket or boilerplate privilege assertion. Rather, Bayou Bridge specifically and properly objected to the Plaintiffs' overbroad and improper request for "[a]ll communications, including emails and text messages, regarding Cynthia Spoon, Sophia Cook-Phillips, and Eric Moll or their arrests,"[55] because the request is unlimited in scope and breadth, including seeking privileged materials. This request for "all communications" is facially "overbroad," casting such a wide net that it seeks materials "protected by attorney-client privilege."[56] Bayou Bridge therefore properly objected to the request seeking privileged materials.

The authority cited by the Plaintiffs supports Bayou Bridge's position and confirms its proper privilege objection. *Nguyen v. Excel Corp.*[57] held "[a] client waives the attorney-client privilege, however, by failing to assert it when confidential information *is sought* in legal

---

[54] This result is encouraged by similar situations involving inadvertent disclosure of privileged materials, where courts have declined to find waiver where the party claiming privilege was not aware of the disclosure. In *Corona v. Chevron Corp.*, 2008 U.S. Dist. LEXIS 144100, at *9 (S.D. Tex. June 18, 2008), the Southern District of Texas found no waiver of privilege when a privileged email was inadvertently produced, but privilege was not claimed until three years later, two and a half months after the email was referenced in an amended pleading. The court held that the timeframe in which counsel claimed privilege was reasonable, and weighed in favor of preservation of privilege. *Id.* at *9-10.

[55] Doc. 116-5 (Bayou Bridge's Objections and Responses to Plaintiffs' First Set of Interrogatories and Requests for Production of Documents).

[56] *Regan-Touhy v. Walgreen Co.*, 526 F.3d 641, 649 (10th Cir. 2008); *see Rotstain v. Trustmark Nat'l Bank*, 2020 U.S. Dist. LEXIS 208327, at *24 (N.D. Tex. Nov. 6, 2020) (holding requests for all document and communications, regardless of subject matter, and not limited to the claims and defenses in the action, are overbroad).

[57] 197 F.3d 200, 206 (5th Cir. 1999) (emphasis added).

16

proceedings." Bayou Bridge did exactly what *Nguyen* advises—assert the attorney-client privilege when confidential materials are *sought*. Even though undersigned counsel was not aware of specific attorney-client privileged materials at the time it created this response and provided it to the Plaintiffs, it properly objected and preserved the objection. Had it not, the Plaintiffs would probably be here arguing that Bayou Bridge cannot claim privilege now if they did not assert it in December 2021. Because Bayou Bridge expressly objected based on the attorney-client privilege, Bayou Bridge properly positioned itself to specifically assert privilege over the documents listed in its privilege log once counsel became aware of the documents' existence.

### C. Plaintiffs' Counsel's Petty Attempts to Make Bayou Bridge Look Bad are Misleading and Irrelevant

In order to distract the Court from the actual issue of whether the Privileged Materials are indeed privileged, Plaintiffs' counsel peppers much of their motion with petty jabs to try and distract the Court and disparage Bayou Bridge. Despite Plaintiffs' counsel's awareness that it failed to comply with this Court's Local Rules governing privilege logs, Plaintiffs still attempt to have Bayou Bridge held to a standard exceeding the Federal and Local Rules. Despite the fact that Plaintiffs' first motion to compel against Bayou Bridge has nothing to do with this motion, Plaintiffs still reference it to try and disparage Bayou Bridge and undersigned counsel's character. Plaintiffs' petty and irrelevant jabs are hallmarks of desperation, and should be ignored.[58]

#### i. The Plaintiffs' Arguments are Ironic, Considering their Privilege Logs Violate this Court's Local Rules

The Plaintiffs' argument that Bayou Bridge's Privilege Log is inadequate is particularly ironic, given the Plaintiffs' failure to satisfy this Court's Local Rules with their own privilege logs.

---

[58] *See, e.g.*, *Universal Bank N.A. v. Rocco (In re Rocco)*, 239 B.R. 297, 304 (Bankr. E.D. Pa. 1999) (describing certain arguments as having "all of the trappings of desperate, irrelevant gasps"); *In re U.S.A. Elecs., Inc.*, 120 B.R. 637, 646 (Bankr. E.D.N.Y. 1990) (describing how "counsel throws up an assortment of meritless petty arguments in a desperate effort" to support its argument).

17

As described above, this Court's Local Rules contain express privilege log requirements, including the "name of the document . . . ; description of the document . . . ; date; author(s); recipient(s); and nature of the privilege."[59] Cynthia Spoon and Sophia Cook-Phillips' privilege logs do not contain this required information, with neither log including the names of the documents, the authors, or the recipients.[60] If Plaintiffs want to hold Bayou Bridge to standards higher than those imposed by the law, they should have at least complied with this Court's privilege log requirements.

### ii. The Plaintiffs' Reference to Their First Motion to Compel is Irrelevant and Misleading

Plaintiffs try to paint Bayou Bridge as a bad actor by pointing out that the court has already granted one motion to compel by Plaintiffs against Bayou Bridge.[61] But the discrepancy that led to the Court's granting that motion to compel was a good faith written discovery response based on the initial information available to counsel at the time regarding that issue.[62] Just as importantly, that written response has since been revised based on later-acquired information.[63] The fact that Bayou Bridge has chosen to defend legitimate, good faith positions in discovery disputes is no

---

[59] Local Civil Rule 26(c).
[60] Plaintiffs Cynthia Spoon and Sophia Cook-Phillips' Responses to Bayou Bridge Pipeline LLC's First Set of Interrogatories and Requests for Production, attached *in globo* as Exhibit C. The privilege logs follow the RFP responses. The Plaintiffs take issue with Bayou Bridge's decision not to bates number the documents on its privilege log (because it is not required, and would be confusing), but the Plaintiffs also did not bates number the documents included on their privilege logs. Nor did the Plaintiffs bates number any of the documents they produced.
[61] Plaintiffs' Memorandum in Support of Second Motion to Compel, p. 8.
[62] Aside from the question of what was actually requested by the Plaintiffs in discovery, the focal point of the dispute was whether Bayou Bridge contracted with a company named Frontier Integrity Solutions for security. Doc. 86, pp. 6-7 (Bayou Bridge Opposition to Motion to Compel); Doc. 98 (Order on Plaintiffs' Motion to Compel). Bayou Bridge's interrogatory response, based on initial information obtained, stated in part that "Bayou Bridge Pipeline contracted with Hillard Heintze and Frontier Integrity Solutions for security associated with the Bayou Bridge Pipeline's construction in Louisiana," although Bayou Bridge later learned (and deposition testimony showed) that Frontier Integrity Solutions did not perform any security function other aside from someone named Wendell Fontenot serving as law enforcement liaison. The Court ultimately granted the Plaintiffs' motion to compel, focusing on Bayou Bridge's interrogatory response and holding "BBP's discovery responses clearly identified both Hillard Heintze and FIS as the two companies hired to provide or support security during the pipeline's construction." Doc. 98, pp. 2-3.
[63] Realizing after the Court's ruling that the written interrogatory response did not sufficiently describe Frontier Integrity Solutions' role, Bayou Bridge amended its response to reflect the exact representations made to the Court in opposition to the motion to compel. Doc. 116-6 (Bayou Bridge's Second Amended Objections and Responses to Plaintiffs' First Set of Interrogatories and Requests for Production of Documents, provided August 24, 2022).

basis for character attacks. Plaintiffs' attacks on Bayou Bridge and its counsel should be cursorily disregarded.

### D. The Plaintiffs Have Presented No Basis for Further Delay and Waste of the Courts' and Parties Time on an *In Camera* Review

The Plaintiffs seek an unnecessary *in camera* review of the Privileged Materials as discovery ends and they try to continue with discovery. This despite already lengthy and voluminous discovery—40 depositions, and written discovery to 4 parties. There is no reason for *in camera* review of these documents, which are indisputably communications between employees and in-house counsel, and which indisputably involve legal advice and the provision of information for litigation. Such further review would merely waste the Court's and the parties' time, dragging out this unnecessary discovery dispute.

However, if the Court desires *in camera* review of the privileged materials, Bayou Bridge will certainly cooperate in making that possible.

### IV. CONCLUSION

Plaintiffs' own arguments and exhibits demonstrate the Privileged Materials are communications between Bayou Bridge employees and in-house counsel for the purpose of securing assistance in a legal proceeding. Regardless, Bayou Bridge's Privilege Log provides the required information to confirm this. Bayou Bridge did not and could not have waived the attorney-client privilege over these documents which undersigned counsel did not know existed. There is no basis to compel production of the Privileged Materials, so Bayou Bridge respectfully requests that the Plaintiffs' motion be denied.

Respectfully submitted,

*/s/ F. Gibbons Addison*
James C. Percy (La. Bar No. 10413) (Lead Attorney)
F. Gibbons Addison (La. Bar No. 35426)
Jones Walker, LLP
445 North Boulevard, Suite 800
Baton Rouge, Louisiana 70802
Telephone: (225) 248-2130
Fax: (225) 248-3130
Email:  jpercy@joneswalker.com
Email:  gaddison@joneswalker.com

*Attorneys for Bayou Bridge Pipeline LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on October 21, 2022, a copy of the foregoing was filed electronically using the Court's CM/ECF system. Notice of this filing will be sent by e-mail to all known counsel of record by operation of the Court's electronic filing system.

*/s/ F. Gibbons Addison*
F. Gibbons Addison