UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **CYNTHIA SPOON, SOPHIA COOK-PHILLIPS, and ERIC MOLL,** | * * * | **CIVIL ACTION** |
| | | **NO.: 3:19-cv-00516-SDD-SDJ** |
| Plaintiffs, | * * | |
| | | **JUDGE: SHELLY D. DICK** |
| **VERSUS** | * * | |
| **BAYOU BRIDGE PIPELINE LLC, et al** | * * | **MAGISTRATE JUDGE:** |
| Defendants. | * | **SCOTT D. JOHNSON** |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### OPPOSITION TO PLAINTIFF'S MOTION TO EXCUDE TESTIMONY AND REPORT OF P&P DEFENDANTS' EXPERT WITNESS KERRY NAJOLIA

NOW COME defendants, Heather Pennington, Herman Matherne, Jon Barbera, Mark Ward, Angela Adams and Douglas Black (referred herein as "P&P Officers" or Defendants"), who file this opposition to plaintiffs' motion to exclude the testimony of Kerry Najolia. Najolia is qualified to testify as to police procedures and use of force. His testimony is not being presented in the form of legal conclusions, and his opinions will assist the jury in understanding the issues in the case. Plaintiffs' motion should be denied.

**I.    Factual and Procedural Background**

This suit arises out of arrests that took place in August 2018 at the construction site of the Bayou Bridge Pipeline in the Atchafalaya Basin. Plaintiffs were arrested by P&P Officers after obstructing movement of a barge on a waterway. Plaintiffs filed this suit against the P&P Officers, and other defendants, bringing the following causes of action:

Count I -  False Detention, Arrest, and Imprisonment in Violation of the Fourth and Fourteenth Amendments

Count II - Failure to Intervene to Prevent Unlawful Arrests

Count III - Retaliatory Arrest for Violation of First Amendment Rights

1

> Count IV - Monell Liability for Violations of Plaintiffs' Civil Rights (Sheriff Theriot)
>
> Count V - Violations of the Free Expression Protections of the Louisiana Constitution
>
> Count VI - Violations of the Right to Privacy, the Right to be Left Alone, and the Rights of the Accused Established by the Louisiana Constitution
>
> Count VII - Intentional Torts, Including Intentional Infliction of Emotional Distress, Assault, Battery, and False Imprisonment[1]

In accordance with the Court's Scheduling order, P&P Defendants submitted the expert report of Kerry Najolia on October 21, 2022. Plaintiffs did not attempt to depose Najolia before expert discovery was complete. Najolia has consulted on law enforcement matters since 1986, and spent 28 years of his career as an instructor/training director from the Jefferson Parish Sheriff Office Training Academy. Najolia was retained to provide opinions on the arrest procedures that occurred in this case. Plaintiffs do not contest that Najolia is qualified to render such opinions. Plaintiffs' arguments that Naolia's opinions will not assist the jury are without merit.

## II. Law And Argument
### A. Rule 702 and *Daubert* Standard

Rule 702 of the Federal Rules of Evidence provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b) the testimony is based on sufficient facts or data;
>
> (c) the testimony is the product of reliable principles and methods; and
>
> (d) the expert has reliably applied the principles and methods to the facts of the case.

The admissibility of expert testimony is governed by Federal Rule of Evidence 702 and *Daubert*, which provide that the court serves as a gatekeeper, ensuring all scientific testimony is

---

[1] R.Doc. 28.

relevant and reliable. This gatekeeping role extends to all expert testimony, whether scientific or not. *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 147 (1999). Under Rule 702, the court must consider three primary requirements in determining the admissibility of expert testimony: (1) qualifications of the expert witness; (2) relevance of the testimony; and (3) reliability of the principles and methodology upon which the testimony is based. *Gage v. Jenkins*, No. CV 13-0638-SDD-EWD, 2017 WL 2190064, at *2 (M.D. La. May 18, 2017)

"Notwithstanding *Daubert*, the Court remains cognizant that 'the rejection of expert testimony is the exception and not the rule.'" *Johnson v. Samsung Electronics America, Inc.,* 277 F.R.D. 161, 165 (E.D. La. 2011), citing Fed. R. Evid. 702 Advisory Committee Note (2000 amend.). Further, as explained in *Scordill v. Louisville Ladder Group., L.L.C.,* 2003 WL 22427981 (E.D. La. Oct. 24, 2003):

> The Court notes that its role as a gatekeeper does not replace the traditional adversary system and the place of the jury within the system. As the Daubert Court noted, "[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." The Fifth Circuit has added that, in determining the admissibility of expert testimony, a district court must defer to " 'the jury's role as the proper arbiter of disputes between conflicting opinions. As a general rule, questions relating to the bases and sources of an expert's opinion affect the weight to be assigned that opinion rather than its admissibility and should be left for the jury's consideration.'"

(internal citations omitted).

The Supreme Court has also recognized that not all expert opinion testimony can be measured by the same exact standard. Rather, the *Daubert* analysis is a "flexible" one, and "the factors identified in Daubert may or may not be pertinent in assessing reliability, depending on the nature of the issue, the expert's particular expertise and the subject of his testimony." *Kumho Tire Co., Ltd. v. Carmichael*, supra, 526 U.S. at 150. The Fifth Circuit has concluded that certain "soft

sciences" involve "necessarily diminished methodological precision" when compared to other scientific disciplines like mathematics and engineering. *United States v. Simmons*, 470 F.3d 1115 (5th Cir. 2006):

> In such instances, other indicia of reliability are considered under *Daubert*, including professional experience, education, training, and observations. Because there are areas of expertise, such as the "social sciences in which the research, theories and opinions cannot have the exactness of hard science methodologies", trial judges are given broad discretion to determine "whether Daubert's specific factors are, or are not, reasonable measures of reliability in a particular case." *Id.* at 1123 (internal citations omitted).

### B. Najolia's Report Does Not Offer Legal Conclusions

Plaintiffs argue that Najolia's opinions are legal conclusions. Najolia does not set forth, and defendants do not intend to elicit, legal conclusions.

Federal Rule of Evidence 704 provides that an expert opinion is not objectionable just because it embraces an ultimate issue. Najolia states in his report that *if* the trier of fact accepts P&P defendants' testimony, then Najolia opines that the defendants acted appropriately according to policies, procedures and training protocols. R.Doc. 134-1, p. 9. This opinion does not express a legal conclusion.

Mr. Najolia's expert testimony is being offered for the purpose of providing the jurors with standards for proper officer behavior – standards which the jurors cannot reasonably be expected to correctly know on their own – so that the jury may determine whether or not the P&P defendants acted within these guidelines or whether they acted outside of those guidelines. The jury alone will be tasked with determining the reasonableness of P&P Defendants' actions.

Further, Rule 702 authorizes experts to provide a "dissertation or exposition" of "principles relevant to the case, leaving to the trier of fact to apply them to the facts" (Advisory Committee Notes). As such, Rule 702 allows Najolia to opine on principles governing proper police procedures and to respond to hypothetical questions regarding scenarios based upon the facts and evidence presented by the Defendants. See *Joseph v. Doe*, No. CV 17-5051, 2021 WL 2313475, at *5 (E.D. La. June 7, 2021). Mr. Najolia is not being called by Defendants to present any "legal conclusions" and his testimony should not be barred for this reason.

Plaintiffs cite to several cases in support of their motion, all of which are inapplicable here. In *Day v. Baton Rouge City Police*, No. CV 17-328-EWD, 2020 WL 7024478, at *6 (M.D. La. Nov. 30, 2020), this Court excluded both plaintiff and defendants' expert opinions solely regarding whether defendants had probable cause to arrest plaintiff and the reasonableness of force. In this case, Najolia does not opine that Defendants had probable cause. Further, the Day court noted that "[d]irect questions about the reasonableness of a defendant's actions may yield impermissible legal conclusion opinions, while hypothetical or abstract questions may not." As such, opinions on hypothetical or assumed facts supported by evidence introduced by defendants at trial are permissible. See also *Joseph v. Doe*, No. CV 17-5051, 2021 WL 2313475, at *5 (E.D. La. June 7, 2021)(internal citations omitted).

In *Gage v. Jenkins*, No. CV 13-0638-SDD-EWD, 2017 WL 2190064, at *4 (M.D. La. May 18, 2017), Najolia prepared a report regarding an officer's actions regarding an inmate. The court noted that the officer in question was <u>no longer a defendant in the suit, and the remaining issues concerned co-defendant officer's actions following the initial confrontation</u>. While the court noted Najolia was "unquestionably a qualified expert in the area of law enforcement, training and use-of-force," his opinion as to the reasonableness of the <u>dismissed officer</u> would be of little assistance

to the jury in understanding the evidence or in reaching its own resolution of the factual question whether defendants utilized force after the initial confrontation. This case has no relevance here, where Najolia's opinions regarding the P&P Defendants are squarely at issue.

In *Haynes v. Parker*, No. CV 13-0818-SDD-EWD, 2017 WL 1027028, at *5 (M.D. La. Mar. 16, 2017), the court excluded Najolia's opinions regarding the reasonableness of an officer's actions, but allowed testimony as to other matters. The issue of whether the plaintiff was resisting was contested in that case, and Najolia appeared to accept defendant's versions of events. However, in this case, it is uncontested that plaintiffs intended and did block the barge from moving into the canal, and ignored verbal commands to move. See R.Doc. 129-2 and evidence cited therein. Najolia's opinions regarding undisputed facts will assist the jury.

Najolia's opinions are not presented as legal conclusions. His opinions will provide the jurors with standards for proper officer behavior, and the Federal Rules allow for an expert to provide opinions on hypothetical or assumed facts. As such, plaintiffs' motion should be denied.

### C. Defendants' Status and Training as POST Certified Officers is Relevant

Plaintiffs assert that Najolia's opinions regarding the P&P Defendants status as POST certified peace officers and their training was current based on POST training requirements are irrelevant. While plaintiffs do not bring failure to train claims (or any claims against the Louisiana Department of Probation and Parole), plaintiffs do bring §1983 claims against these officers and allege the arrests violated their constitutional rights. Defendants' status as POST certified peace officers, and the training they received, are certainly relevant to the claims and defenses in this case.

In addition, both during the arrests and in their depositions, plaintiffs were apparently under the mistaken belief that P&P defendants had no arresting authority. R.Doc. 130-3, p. 107-108.

Defendants are entitled to introduce evidence that they were POST certified, up to date on training, and had authority to make arrests.

### D. Najolia's Report Does Not Include Impermissible Factual or Credibility Determinations

While Plaintiffs argue that Najolia's report includes credibility determinations, this argument is misplaced. Plaintiffs' arguments regarding what facts Najolia accepted are matters to be addressed in cross-examination, not by exclusion of his testimony. *See Viterbo v. Dow Chemical Co.*, 826 F.2d 420, 424 (5th Cir. 1987). As a general rule, questions relating to the basis and sources of an expert's opinion affect the weight to be assigned that opinion rather than its admissibility and should be left to the jury's discretion." *US v. 14.38 Acres of Land Sit. In Leflore County, Miss*, 80 F.3d 1074, (5th Cir. 1996), citing, *Viterbo v. Dow Chemical*, 826 F.2d 420, (5th Cir. 1987). "Simply disagreeing with the underlying facts relied on by an expert, is not grounds for excluding that expert under *Daubert.*" *Stevens v. Energy XXI GOM, LLC*, 2013 WL 4051036, at *5 (M.D. La. Aug. 9, 2013).

In *Joseph v. Doe,* No. CV 17-5051, 2021 WL 2313475, at *5 (E.D. La. June 7, 2021), plaintiff made this exact argument, which was rejected by the Eastern District:

> The "facts and data" language in Rule 702 is broad enough to allow an expert to rely on hypothetical facts that are supported by the evidence. So long as Defendants introduce sufficient evidence at trial to support their version of the facts (and these facts are the version of the facts assumed by Najolia), the Defendants may ask Najolia to testify as to the resistance offered by Decedent during the arrest assuming those facts are true. Najolia may not simply regurgitate (or anticipate) factual testimony about the events at issue. Instead, once the facts necessary for him to render an opinion are in evidence, he may assume those facts as a hypothetical and give opinion testimony based on the assumption of those facts.

In addition, plaintiffs argue that Najolia ignored facts in dispute. However, even the facts included in plaintiffs' motion are not in dispute, and were admitted by plaintiffs in their

7

depositions.[2] See R.Doc. 129-2 and evidence cited therein. Najolia's report does not usurp the province of the jury, and plaintiffs' motion should be denied.

III.    Conclusion

Plaintiffs' motion should be denied. Mr. Kerry Najolia is both qualified as an expert in police procedures and use of force. His expert report and opinions are well within the requirements of federal law and meet the standards under *Daubert*. Plaintiffs' complaints regarding Mr. Najolia can be addressed with cross-examination. Defendants' pray that *Plaintiffs' Motion to Exclude Expert Report and Testimony of Kerry Najolia* be denied.

                            RESPECTFULLY SUBMITTED,

                            **JEFF LANDRY**
                            **ATTORNEY GENERAL**

                    BY: /s/ Andrew Blanchfield
                          ANDREW BLANCHFIELD, T.A (#16812)
                          Email: ablanchfield@keoghcox.com
                          CHELSEA A. PAYNE (#35952)
                          Email: cpayne@keoghcox.com
                          701 Main Street (70802)
                          Post Office Box 1151
                          Baton Rouge, Louisiana 70821
                          Telephone: (225) 383-3796
                          Facsimile: (225) 343-9612

---

[2] For example, plaintiffs take issue with this statement in Najolia's report: "Ms. Spoon, Ms. Cook-Phillips and Mr. Moll remained in the restricted area and was blocking the vessel from moving into position." R.Doc. 134-2, p. 9.
    Plaintiff Eric Moll testified as follows:
        Q. Would it be fair to say that by holding space in the public waterway, you were attempting to block the movement of the barge down the small canal?
        A. Yes.
R.Doc. 130-3, p. 201.

**CERTIFICATE OF SERVICE**

I hereby certify that on this day, a copy of the foregoing was filed electronically using the Court's CM/ECF system. Notice of this filing will be sent by e-mail to all known counsel of record by operation of the Court's electronic filing system.

Baton Rouge, Louisiana, this 13th day of January, 2023.

         /s/Andrew Blanchfield
         Andrew Blanchfield